## Reading Company's Appeal.

Argued November 24, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John T. Brady,* for appellant.

*Ralph B. Umsted,* Special Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

OPINION BY MR. JUSTICE MAXEY, December 4, 1941:

This is an action instituted by petition of the Attorney General to the judges of the Court of Common Pleas of Dauphin County for the escheat and award to the Commonwealth of certain unclaimed wages and increments thereof. It was filed pursuant to the Act of Assembly, approved April 9, 1929, P. L. 343 (72 P. S. 1). This act, providing for the escheat of money or property held by a corporation, directs that the proceedings shall be instituted in the Court of Common Pleas of the County wherein the principal office of such corporation is located. The Reading Company therefore filed its petition, challenging the jurisdiction of the judges to whom the petition was presented, averring that its principal office is located in Philadelphia County. In his answer the Attorney General avers that he acted under the authority contained in the Act of April 7, 1870, P. L. 57, Section 1, as reënacted and supplemented by the Act of May 25, 1937, P. L. 793 (17 P. S. 255), which clothe the court of common pleas and the judges of the Orphans' Court of Dauphin County with jurisdiction, *throughout the state,* for the hearing and determination of all suits and demands whatever, at law and in equity, in which the Commonwealth may be the party plaintiff for accounts, *"and all other causes of action".* [Italics supplied.]

The following is the question here presented: Having exercised his authority under the Act of 1929, is the Attorney General bound to stay within that act and institute the action in Philadelphia wherein the principal office of the corporation is located, or can he take

advantage of the jurisdiction fixed by the Act of 1870, as supplemented by the Act of 1937, and bring his petition in Dauphin County? Both of the above acts are in full force. One is a procedural statute prescribing a method of enforcement and fixing a jurisdictional status. The other is a remedial act, with the evident purpose of allowing the Commonwealth to prosecute her claims of any nature at the seat of government, regardless of the defendant's residence. Are they in irreconcilable conflict? If they are the jurisdiction founded in the Act of 1929, which is a special statute providing a venue for an action relating to a particular matter, must prevail because "where special statutes exist prescribing the venue for particular actions against officers or actions relating to particular matters, such statutes are controlling with respect to the more general statutes in force": See 67 C. J. 78, Section 123. If the statutes are *not* irreconcilable the Act of 1870, as supplemented, is available to the Commonwealth and its claim can be prosecuted at the seat of government.

These acts *are reconcilable* and the Commonwealth "still has the absolute right to litigate her claims" of any nature, at law and in equity "in Dauphin County, if she chooses so to do": *Commonwealth v. Wilkins*, 271 Pa. 523, 115 A. 887. This conclusion is supported by the rule of statutory construction that unless the legislature by express words or necessary implication, deprives the state of one of its existing prerogatives or interests, the presumption is against such an interpretation: See Endlich on the Interpretation of Statutes, Section 161, p. 223. The appellant makes no argument here that the legislature intended either by express words or by implication to take from the Commonwealth its prerogative to sue defendants at the state capital, as provided by the Act of 1870. Its contention is that the Act of 1870 "is a general act and cannot prevail over the Act of 1929, which is a special act relating to the venue in proceedings instituted thereunder," and that "the provisions

of the escheat acts as to venue are mandatory and must be strictly construed". In Endlich (supra) the following principle is laid down: "It is presumed that the legislature does not intend to deprive the Crown of any prerogative, right or property, unless it expresses its intention to do so in explicit terms, or makes the inference irresistible. Where, therefore, the language of the statute is general, and in its wide and natural sense would divest or take away any prerogative or right, titles or interest from the Crown, it is construed so as to exclude that effect . . .".

The court below was right in deciding that "the Commonwealth may pursue its remedy either in the County of Dauphin or in Philadelphia County at its option".

The decree is affirmed at appellant's cost.