# Commonwealth v. The Mutual Assurance Co. for Insuring Houses from Loss by Fire

*Jack M. Cohen*, for Commonwealth.

*Townsend, Elliott & Munson* and *Hull, Leiby & Metzger*, for defendant.

SOHN, J., July 21, 1958.—The Attorney General of Pennsylvania has filed a complaint in the nature of a bill in equity against respondent, The Mutual Assurance Company for Insuring Houses from Loss by Fire, to take certain funds in the hands of said company without escheat.

Preliminary objections have been filed by respondent in which it alleges that under section 7 of the Act of June 25, 1937, P. L. 2063, 27 PS §440, as amended, this court is without jurisdiction to make a determination in the above stated matter.

The Commonwealth, however, contends that under the Act of April 7, 1870, P. L. 57, sec. 1, as re-

enacted and supplemented by the Act of May 25, 1937, P. L. 793, 17 PS §255, this court does have jurisdiction.

In Reading Company's Appeal, 343 Pa. 320 (1941), it was held that the Attorney General properly brought an action under the escheat provisions of The Fiscal Code in the Common Pleas Court of Dauphin County, although The Fiscal Code provided that such escheat action should be brought in the county wherein the principal office of the corporation against which the action was brought was located. At page 323 of the opinion in the Reading case we have the following pronouncement:

"In Endlich [on the Interpretation of Statutes] . . . the following principle is laid down: 'It is presumed that the legislature does not intend to deprive the Crown of any prerogative, right or property, unless it expresses its intention to do so in explicit terms, or makes the inference irresistible. Where, therefore, the language of the statute is general, and in its wide and natural sense would divest or take away any prerogative or right, titles or interest from the Crown, it is construed so as to exclude that effect'. . . ."

The principle enunciated in the Reading case has been followed in Commonwealth ex rel. v. Wilkins, 271 Pa. 523 (1922); Commonwealth v. Hart, 56 D. & C. 695 (1946); State Employes' Retirement Board v. Dumbauld, 59 Dauph. 446 (1948); and in Commonwealth v. Koczwara, 78 D. & C. 6 (1951).

It is true that section 7 of the Act of June 25, 1937, P. L. 2063, 27 PS §440, confers jurisdiction upon the court of common pleas of the county in which the principal office of the company holding escheatable funds is located of any and all proceedings instituted by the Commonwealth for the recovery of such money or property, or the payment thereof into the State

Treasury without escheat. However, it does not derogate from the right of the Commonwealth to pursue any of its remedies in the Court of Common Pleas of Dauphin County.

We are of the opinion that where jurisdiction is vested in a local court of common pleas, and at the same time jurisdiction has already been conferred upon the Commonwealth court, this must be construed as giving the Commonwealth an election to bring the action either in the local court or in the Common Pleas Court of Dauphin County, unless the legislature specifically and in direct language has barred action in any other court than that on which it has conferred jurisdiction by its act.

It is true that section 7 of the Act of June 25, 1937, P. L. 2063, provides:

"Whenever any moneys or property are required to be reported by any company under the provisions of this act, the court of common pleas of the county in which the principal office of such company is located, shall have jurisdiction of *any and all* proceedings or actions instituted by the Commonwealth for the recovery of such moneys or property or the payment thereof into the State Treasury without escheat." (Italics supplied.)

However, neither this nor section 8 of the said act expressly denies the Court of Common Pleas of Dauphin County jurisdiction of this type of proceeding where the principal place of business of the company holding such escheatable funds is located outside of Dauphin County, nor do we believe that there is any necessary implication that can be drawn from the said act.

In Goodrich-Amram under the heading "When the Commonwealth is Plaintiff," we find the following with reference to rule 1503(*b*) 1:

"Rule 1503(b) confers upon the Commonwealth, its departments, boards, commissions, officers, instrumentalities, and agencies the option to sue either in Dauphin County or in a county authorized by Rule 1503 (a). This is consistent with Rule 2103 (a). Since Rule 2103 (a) is applicable both to actions at law and actions in equity, Rule 1503 (b) becomes merely a reaffirmation of that Rule. It differs only in that the language of Rule 2103 (a) is expanded somewhat so as to make clear that 'an action by the Commonwealth' includes an action by 'the head of an executive or administrative department, a departmental administrative board or commission or an independent administrative board or commission, or an officer or instrumentality of the Commonwealth'. No difference in result is intended by the difference in language.

"The option to sue in Dauphin County is granted the Commonwealth for its administrative convenience."

We are likewise of the opinion that Pa. R. C. P. 2103 (*a*) confirms the prior practice which the Attorney General has followed here. This rule provides:

"An action by the Commonwealth may be brought in Dauphin County or in any other county permitted by a rule of the Supreme Court."

In a commentary under rule 2103 (*a*)-1, Goodrich-Amram Civil Practice says:

". . . The Act of April 7, 1870, vested the Court of Common Pleas and the Orphans' Court of Dauphin County with jurisdiction throughout the State in all cases in which the Commonwealth was the plaintiff. The venue provisions of the other Rules governing Actions at Law are incorporated into Rule 2103 (a) and, *as a bonus*, the Commonwealth may always sue in Dauphin County regardless of the other venue provisions, for reasons of administrative convenience. . . ." (Italics supplied.)

It has been argued here by defendant, rule 2125 of the Rules of Civil Procedure, in subsection 1, specifically repeals the provisions in section 1 of the Act of April 7, 1870, P. L. 57, as amended, so that the holding of the Supreme Court in Reading Company's Appeal, supra, is not applicable to the instant case. However, in citing this specific repeal, defendant overlooks and does not take into account that the purpose of suspending these various sections of the Act of 1870 is because the matter in question is covered by Pa. R. C. P. 2103, in subsection 2, which we have heretofore quoted. This subsection refers to matters *at law*, but it is equally true that the Rules of Civil Procedure give complete integration at law and in equity.

We must therefore conclude that the Court of Common Pleas of Dauphin County has jurisdiction in this matter and that we must overrule the preliminary objections filed herein. We therefore make the following

### Decree

And now, July 21, 1958, the preliminary objections filed by defendant in the above stated case are herewith dismissed and leave is granted it to file an answer to the bill in equity within the time limited by law.