## Commonwealth v. Springer

342

*William M. Gross*, Assistant Attorney General, and *Walter E. Alessandroni*, Attorney General, for Commonwealth.

*Clarence E. Davis*, for defendant.

LIPSITT, J., March 2, 1966.—The Commonwealth of Pennsylvania has filed a complaint in the nature of a bill in equity to enjoin the operation of a bathing place in a resort known as "Lonely Acres", operated by defendant, Irvin A. Springer, in East Carroll Township, Cambria County, Pa. Defendant is alleged to be operating a bathing place without a permit issued by the Department of Health in violation of the Public Bathing Law of June 23, 1931, P. L. 899, 35 PS §672, et seq.

Preliminary objections have been filed by defendant in which he alleges that the Dauphin County Court of Common Pleas does not have jurisdiction to hear and determine whether or not defendant operates a public bathing place without the necessary permit. Defendant relies on the language in the Public Bathing Law, which reads as follows:

"Any bathing or swimming place constructed, operated or maintained contrary to the provisions of this act is hereby declared to be a public nuisance, and,

after being closed and drained of all water promptly, shall be abated and enjoined as other nuisances are abated and enjoined by an action brought by the Attorney General in any common pleas court of the county when [where] such public nuisance is being maintained": 35 PS §680c.

The Commonwealth, however, contends that this court does have jurisdiction under the Act of April 7, 1870, P. L. 57, amended May 25, 1937, P.L. 793, 17 PS §255, which provides as follows:

". . . the court of common pleas of the county of Dauphin and the judges of the orphans' court of Dauphin County are hereby clothed with jurisdiction, throughout the State, for the purpose of hearing and determining all suits, claims and demands whatever, at law and in equity, in the court of common pleas of said county, in which the Commonwealth may be the party plaintiff. . . ."

The question to be decided is whether the Attorney General must maintain the action to abate and enjoin the nuisance in Cambria County pursuant to the Public Bathing Law, or whether he may, at his option, take advantage of the jurisdiction vested by the Act of 1870, as supplemented by the Act of 1937, and bring the complaint in Dauphin County.

In cases where jurisdiction is vested in a local court of common pleas, and at the same time jurisdiction has been conferred upon the Commonwealth Court, the guideline principle has been that the Commonwealth has an election to bring the action either in the local court or in the Common Pleas Court of Dauphin County, unless the legislature explicitly expresses its intention to bar action in any other court than that on which it has conferred jurisdiction by its act: Commonwealth ex rel. v. Wilkins, 271 Pa. 523 (1922) ; Reading Company's Appeal, 343 Pa. 320 (1941) ; Commonwealth v. The Mutual Assurance Co. for Insuring Houses from

Loss by Fire, 16 D. & C. 2d 679, 72 Dauph. 144 (1958). The issue to be decided is whether the legislature intended specifically to limit jurisdiction under the Public Bathing Law to the local courts of common pleas. A fair reading of the statute would indicate that the legislature intended jurisdiction to be so limited. The word "shall", as used in the pertinent section of the act, is directive, although in itself its use would not, in light of the opinions cited above, be sufficient to deny the Commonwealth the choice which it would ordinarily have. The determination of the intent of the legislature cannot be made in the abstract by comparison with other statutes. Consideration must be given to the normal and reasonable intention of the legislature in relation to the type of relief provided for in the particular act. The abatement of a nuisance is peculiarly adaptable to a local court. Its enforcement by another court outside of its locality involves practical difficulties.

The interpretation of intent under a statute requires a measure of plausibility. Giving consideration to the wording of the statute and the nature of the action, the intention of the legislature is sufficiently clear to deprive the Commonwealth of its prerogative to bring an action under the terms of a statute which generally grants jurisdiction to the Court of Common Pleas of Dauphin County: Stahl, Attorney General v. Insurance Company of North America, 408 Pa. 483 (1962); Alpern, Attorney General v. Insurance Company of North America, 77 Dauph. 353 (1961).

Accordingly, we make the following

ORDER

And now, March 2, 1966, defendant's preliminary objections are sustained, and the action in equity brought by the Commonwealth of Pennsylvania is dismissed for lack of jurisdiction of the subject matter.