Wyoming Sand and Stone Company, Plaintiff *v.* Department of Revenue, Department of the Auditor General and Treasury Department of the Commonwealth of Pennsylvania, Defendants.

Argued January 7, 1976, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Albert J. Tomalis, Jr.,* with him *Metzger, Hafer, Keefer, Thomas and Wood,* for plaintiff.

*Vincent X. Yakowicz,* Solicitor General, with him, *Lawrence J. Rosen,* Chief, Appeals Section, for defendant, Department of Revenue.

*Donald J. Murphy,* Deputy Attorney General, with him *Jeffrey G. Cokin,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant, Treasury Department.

*Robert P. Meehan,* Deputy Counsel, with him *Frank P. Lawley, Jr.,* Chief Counsel, for defendant, Department of the Auditor General.

OPINION BY JUDGE KRAMER, April 22, 1976:

This matter comes within the original jurisdiction of this Court. It was commenced by the filing of a complaint in mandamus by Wyoming Sand and Stone Company on July 24, 1975, against the Department of Revenue, the Department of the Auditor General and the Treasury Department. Preliminary objections were filed by the defendants which we will sustain.

During the course of the operation of its business from 1971 through 1973, Wyoming paid to the Commonwealth certain sales and use taxes imposed by the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §7101 et seq. On May 24, 1974, Wyoming filed a petition for a refund with the Board of Review of the Department of Revenue pursuant to Section 253 (a) of the Code, 72 P.S. §7253(a), seeking a refund in the amount of $121,666.93 for taxes erroneously remitted to the Commonwealth. After an audit and hearing, the Board on May 23, 1975, issued an order approving the findings and conclusions of the Board's hearing examiner and granting a refund in the amount of $91,570.26.[1]

During the above proceeding, the Bureau of Sales and Use Tax, on April 8, 1974, issued an assessment against Wyoming for taxes in the amount of $103,050.41. On September 23, 1974, Wyoming filed a petition for reassessment with the Board and, on September 22, 1975, the Board reduced the alleged liability to $53,125.70, plus interest.

Despite the refund order of the Board the Department of Revenue did not pay the refund, but rather advised Wyoming by letter on May 30, 1975, that it had

---

1. The briefs of the parties advise us that on July 17, 1975, Wyoming petitioned the Board of Finance and Revenue for additional relief, but nowhere are we advised of the scope of the petition, the status of the proceedings or any results thereof. Nowhere in the pleadings is this petition mentioned and, therefore, the petition will not enter into our discussion or determination.

applied the refund as a deduction against the sales and use tax assessment then pending. On June 23, 1975, Wyoming notified the Department of Revenue that its retention of the refund of $91,570.26 was unlawful and demanded payment. On July 14, 1975, the Secretary of Revenue acknowledged receipt of Wyoming's letter, but the Department still did not pay the refund.

On July 24, 1975, Wyoming filed the instant complaint demanding payment of said refund "with interest thereon from May 23, 1975, to the date of issuance." On September 30, 1975, Wyoming received a check from the Commonwealth for the full amount of the refund, but with no payment for any interest. Wyoming's complaint in mandamus was then amended, by agreement of the parties, so that the demand is now restricted solely to the interest alleged to be due on the refund for the period May 23, 1975, to September 29, 1975, with costs. The preliminary objections of all three defendants are in the nature of a demurrer contending that the complaint should be dismissed because Wyoming does not have a clear right to the relief it seeks.

At the outset, we note that mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other adequate remedy. *Burlington Homes, Inc. v. Kassab,* 17 Pa. Commonwealth Ct. 329, 332 A.2d 575 (1975). Mandamus will only be granted when the plaintiff's right to relief is clear and convincing and not where the defendant merely exercises discretion unless the action is so arbitrary as to be no actual exercise of discretion at all. *Commonwealth ex rel. Dawson v. Board of Probation and Parole,* 17 Pa. Commonwealth Ct. 550, 333 A.2d 796 (1975).

We are quite certain that once Wyoming's entitlement to the refund was finally determined, mandamus was a proper action to compel the release of the tax *refund.*

*Hotel Casey Company v. Ross,* 343 Pa. 573, 23 A.2d 737 (1942). But the mandamus action for the *refund* became moot when, on September 29, 1975, the Commonwealth issued a check to Wyoming in the full amount of the refund.

Section 254 of the Code, 72 P.S. §7254 provides, in pertinent part:

> "Within sixty days after the date of mailing of notice by the department of the decision upon a petition for refund filed with it, pursuant to section 253, the petitioner may further petition the Board of Finance and Revenue to review the decision of the department."

In this case the adjudication of the Board of Review did not mention interest and Wyoming has not alleged in its complaint whether it filed an appeal with the Board of Finance and Revenue,[2] or whether it ever raised an issue on interest due on the payment of the refund until the filing of this complaint. In fact, Wyoming's letter to the Secretary of Revenue, dated June 23, 1975, made no demand for interest due on the refund and, in addition, quite contrary to the position Wyoming argues in this case, the letter stated: "Such refusal [the failure to pay the refund] is additionally burdensome to Wyoming as no interest is paid on said refund." We interpret Wyoming's letter of June 23, 1975, to be an acknowledgement by Wyoming that it believed that it was not entitled to interest on the refund.

In *Hotel Casey, supra,* our Supreme Court said:

> "Although the writ [mandamus] is granted by the law side of the court, equitable principles largely govern its issuance and it will be granted only 'where necessary to promote the ends of justice and where the prayer of the petitioner appeals to the conscience of the court.'" 343 Pa. at 582, 23 A.2d at 742.

---

2. *See* note 1, *supra.*

In *Cities Service Oil Company v. Pittsburgh,* 449 Pa. 481, 485-86, 297 A.2d 466, 468-69 (1972), the Supreme Court stated:

"If a taxpayer is entitled to a tax refund, he is also entitled to interest on the refund so long as no statute or public policy militates against it.

. . . .

"We agree that there must be an improper detention and that the taxpayer must make a demand for refund. We disagree that in all cases improper detention commences from the date of a decision to that effect. Rather, we believe that a court can decide that a taxing body has improperly detained the taxpayer's money from a point in time prior to the determination that the detention is improper. . . . [T]here is a distinction between those cases where the amount of a refund is in issue and not the tax itself and those cases where the amount of a refund is not in issue because the tax itself is invalid. In the former situation, the tax is valid and, therefore, there is not an improper detention until it is determined that the amount of the tax was incorrectly computed, requiring the lower court to establish the amount of the refund, interest accruing from the date of the lower court's decision, e.g., a real estate tax based on an incorrect property assessment. However, where a taxpayer pays a specific sum of money *under protest* and it is later determined that the taxing authority had no right to demand payment of this tax, then the detention was improper from the date the tax was paid, interest accruing from *that* date provided a demand for refund has been made." (Citations omitted and emphasis added.)

The Court went on to state:

"Courts in charging and allowing interest need not limit themselves by hard and fast rules but should

charge and allow interest in accordance with principles of equity."

In this case the taxpayer did not pay the tax under protest, the tax was not illegal, and the taxpayer did not demand interest until the filing of this suit in mandamus.

Following the teaching of our Supreme Court in *Cities Service,* we conclude that Wyoming did not have a clear right to the payment of interest alone. Wyoming points to no section in the Code, nor any other specific statutory authority for the payment of interest on refunds by any of the defendants. Wyoming points only to the Mandamus Act of 1893, Act of June 8, 1893, P.L. 345, *as amended,* 12 P.S. §1919 as statutory authority for the availability of mandamus to recover interest on the refund. Section 16 provides that when judgment is entered for the plaintiff "he shall recover his damages and costs." While damages can be awarded in a mandamus action, ordinarily they are incidental to the affirmative relief granted. *Cain v. Stucker,* 159 Pa. Superior Ct. 466, 48 A.2d 162 (1946).

We do not read Section 16 of the Mandamus Act to authorize mandamus as a proper form of action for the recovery of *interest alone.* The award of interest is inherently incidental to the central purpose of a mandamus action, *i.e.,* securing the performance of some purely ministerial duty. We also note that mandamus only lies when the duty and right are *clear.* It is quite obvious that Section 16 does not clearly provide that a taxpayer is entitled to interest on a delayed tax refund.

Whether Wyoming may have been entitled to interest if the refund had not been paid in full, as a matter of incidental damages in a mandamus action, is no longer before us. In light of the above, we

ORDER

AND NOW, this 22nd day of April, 1976, based upon the pleadings filed and after the submission of briefs and

argument, the preliminary objections of the Department of Revenue, the Department of the Auditor General and the Treasury Department of the Commonwealth of Pennsylvania are hereby sustained and it is ordered that the complaint of Wyoming Sand and Stone Company be and it is hereby dismissed.