Allegheny County Police Pension Fund, a Corporation, Plaintiff *v.* Robert P. Casey, Auditor General of the Commonwealth of Pennsylvania, Defendant.

Argued February 2, 1976, before President Judge BOWMAN and Judges KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. Judge CRUMLISH, JR., did not participate.

*James L. Weisman,* with him *Weisman, Passafiume, Swartz and Trimm,* for plaintiff.

*Frank A. Woelfling,* Deputy Counsel, with him *Frank P. Lawley, Jr.,* Chief Counsel, for defendant.

OPINION BY JUDGE KRAMER, August 20, 1976:

This case is within the Court's original jurisdiction and comes before us on the plaintiff's motion for judgment on the pleadings. The plaintiff, Allegheny County Police Pension Fund, seeks a writ of mandamus compelling the defendant Auditor General to release to the Fund $211,802.01 representing the Fund's allocation of taxes on foreign casualty insurance companies collected for 1975 pursuant to Article IX of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, 72 P.S. §7901 et seq. The Fund also seeks interest on this amount "from the date of allocation." We will grant the Fund's motion.

In 1974 the Auditor General conducted an audit of the Fund for the calendar year 1973. Upon completion of the audit the Auditor General informed the Fund that, in his opinion, the $5,595.23 expended by the Fund for administrative expenses during 1973[1] must be· reimbursed to the fund before he could

---

[1] This figure represents the total administrative expenditures of the Fund, and includes trustee's fees, actuarial fees, legal fees, telephone charges, salaries, safety deposit box rental, and an expense for furniture. The Auditor General does not suggest that any of these items are excessive, improper, or unjustified.

authorize the payment of any state monies to which the Fund was otherwise entitled. As a result of the Auditor General's position, the Fund's 1975 allocation of $211,802.01 has been withheld.

The Auditor General bases his position on Section 2 of the Act of May 12, 1943, P.L. 259 *as amended,* 72 P.S. §2263.1a, which provides in pertinent part as follows:

"All monies paid to the treasurer of any . . . county shall be forthwith paid, or credited, to the pension or retirement fund, or the premium on the pension annuity contract, as the case may be, *to provide pension retirement or disability benefits for the policemen of such . . . county . . . .*" (Emphasis added.)

The Auditor General argues that because administration expenses are not specifically mentioned they must be recovered from some independent source before the Commonwealth pays its share to the Fund. The Auditor General maintains that it is improper for any monies contributed by the Commonwealth to be used for any purpose other than the direct payment of benefits. Under the facts of this case, this argument is without merit.

In order for the Fund to carry out its purpose, it must necessarily incur administrative expenses, and it is reasonable to assume that the Legislature realized this fact when the above-quoted statute was passed. As the Fund points out, no mention of a separate source of money for administrative costs was specified. Indeed, if a private annuity contract is utilized to provide policemen with retirement benefits, the same section of the statute specifically allows the state allocation to be credited toward the premium. Undoubtedly such a premium would include a charge to cover the administrative costs of the insurer.

The Auditor General points to Section 11 of the Act of May 29, 1956, P.L. (1955) 1804, *as amended,*

53 P.S. §777, which provides for police pension funds for certain boroughs and townships, and argues by analogy that because this provision requires that administrative expenses be paid by the respective governing bodies from general revenues, the General Assembly has established "a policy of excluding administrative-type expenditures from those which are authorized to be made from Commonwealth-supplied funds." One might just as well take the view that by its failure to include such a specific provision in the Act of May 12, 1943, the Legislature intended, in the case of counties, to remove the restriction imposed on funds which are subject to the Act of May 29, 1956. This seems to be the more logical interpretation.

We have no difficulty in holding that when the Legislature used the phrase "to provide pension . . . benefits" it intended to allow any of the Fund's resources—including the share contributed by the Commonwealth—to be used for reasonable administrative expenses incurred in the course of providing those benefits.

We are left with the question of interest. The Mandamus Act of 1893, Act of June 8, 1893, P.L. 345, *as amended*, 12 P.S. §1919 provides that when judgment is entered for the plaintiff "he shall recover his damages and costs." As long as the award of interest is incidental to the relief granted, interest may be included in a judgment in mandamus. *Wyoming Sand and Stone Company v. Department of Revenue*, 24 Pa. Commonwealth Ct. 366, 355 A.2d 860. The Auditor General suggests as a general proposition, that the Commonwealth is immune from a judgment for interest, although he never specifically refers to the doctrine of sovereign immunity. Rather, he refers us to the general rule that "a sovereign state is not liable for interest . . . except where, expressly or by reasonable construction of a . . . statute, it has placed

itself in a position of liability." *Purdy Estate,* 447 Pa. 439, 442, 291 A.2d 93, 95 (1972). There is no question that the Commonwealth is subject to judgment in mandamus, and the Mandamus Act allows "damages and costs" without distinction on the basis of the type of governmental entity against whom the writ is sought. A reasonable construction of the statute allows interest to be charged against the Commonwealth, because we conclude that it is incidental to the relief granted.

Accordingly, we

ORDER

AND Now, this 20th day of August, 1976, upon the submission of briefs and after argument, the Motion For Judgment on the Pleadings, filed by the Allegheny County Police Pension Fund, is granted and judgment is entered for the Allegheny County Police Pension Fund and against Robert P. Casey, Auditor General of the Commonwealth of Pennsylvania; and, Robert P. Casey, Auditor General of the Commonwealth of Pennsylvania, is hereby ordered to do all things necessary to authorize the payment of $211,802.01 due to the Allegheny County Police Pension Fund, plus interest at the legal rate, from the date of allocation, in accordance with the opinion filed herewith.