382 A.2d 461

# ALLEGHENY COUNTY POLICE PENSION FUND

v.

## Robert P. CASEY, Auditor General, Appellant.

Supreme Court of Pennsylvania.

Argued Sept. 29, 1977.

Decided Jan. 31, 1978.

Frank P. Lawley, Jr., Chief Counsel, Frank A. Woelfling, Deputy Counsel, Dept. of Auditor Gen., Robert P. Meehan, Deputy Counsel, Lester Eisenstadt, Deputy Auditor Gen. and Chief Counsel, Harrisburg, for appellant.

James L. Weisman, Weisman, Passafiume, Swartz & Trimm, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## ORDER

PER CURIAM.

The Court being equally divided, the Order of the Commonwealth Court is affirmed.

POMEROY and MANDERINO, JJ., filed Opinions in Support of Affirmance.

NIX, J., would affirm without modification the Order of the Commonwealth Court.

ROBERTS, J., filed an Opinion in Support of Reversal in which EAGEN, C. J., and O'BRIEN, J., joined.

## OPINION IN SUPPORT OF AFFIRMANCE

POMEROY, Justice.

██ I respectfully disagree with the views set forth in the opinion in support of reversal. In my view, an award of interest is permissible as an element of damages which may be recovered where a writ of mandamus directs the payment of a sum of money. Compare *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.,* 461 Pa. 420, 432–34, 336 A.2d 609 (1975); *Mauch v. Pittsburgh Pension Board,* 383 Pa. 448, 119 A.2d 193 (1956); *Carbondale City School Dist. v. Fidelity & Deposit Co. of Maryland,* 346 Pa. 491, 31 A.2d 279 (1943). Whether interest should be allowed in a given case is properly a matter for the discretion of the trial court. See *Murray Hill Estates, Inc. v. Bastin,* 442 Pa. 405, 409–11, 276 A.2d 542 (1971); *McDermott v. McDermott,* 130 Pa.Super. 127, 130, 196 A. 889 (1938). The Commonwealth Court (the trial court here) allowed interest, and I cannot say after a review of the record that it abused its discretion in so doing. I would affirm.

## OPINION IN SUPPORT OF AFFIRMANCE

MANDERINO, Justice.

██ The opinion in support of reversal correctly states that the damage provision of the Mandamus Act was intended to make whole persons injured as the result of acts or omissions of public officials. Despite the fact that denying appellee interest on the money will not make appellee whole, the opinion in support of reversal ignores the purpose of the Mandamus Act's damage provision for reasons I find wholly unpersuasive.

The opinion in support of reversal first cites past decisions of this Court insulating the "sovereign state" from the payment of interest unless expressly authorized or reasonably inferred by statute or contract. See *Post* at 464. Those cases, however, are but another example of the "obsolete vestige of a distant past"—i. e. sovereign immunity. See *Biello v. Pennsylvania Liquor Control Bd.,* 454 Pa. 179,

187, 301 A.2d 849, 853 (1973) (Nix, J., dissenting); *see also* *Brown v. Commonwealth,* 453 Pa. 566, 578, 305 A.2d 868, 871 (1973) (Roberts, J., dissenting) ("there is no rational reason why the majority could not and should not now judicially abrogate the doctrine of sovereign immunity in toto . . ."); *id.* 453 Pa. at 580–84, 305 A.2d at 875–77 (Manderino, J., dissenting). Cases such as those cited by the opinion in support of reversal, which are alleged to contain the "general rule" that a statute is never presumed to deprive the state of any property unless clearly manifest, are bottomed on notions of sovereign immunity and in my view do not and should not control the disposition of this case.

Also instrumental in the reasoning of the opinion in support of reversal is a perceived chilling effect on the Auditor General if we grant appellee interest in this case, and that "[t]o require the Auditor General to pay interest on the funds withheld would penalize him for performing his duty." I respectfully fail to see any basis for either of these assertions. When the Auditor General exercises his prerogative and declines to release funds, the funds remain under the control of the Commonwealth. During that time, interest is accruing. If we grant appellee interest in this case, appellee will receive only that interest which accrued while the Commonwealth maintained control of the funds. I fail to see how such an arrangement would deter Auditor General, or any other public official, from zealously exercising his public responsibilities. I also cannot see how paying interest works to penalize the Auditor General when the funds are not his personal funds or even under his control. The Auditor General would not be "strictly liable" for exercising his discretion to challenge these expenditures.

■ I would construe the Mandamus Act to authorize an award of interest. In my view, the Commonwealth Court correctly ordered appellant to pay appellee interest on the $211,803.01 from the date of allocation, and I therefore would affirm its order.

## OPINION IN SUPPORT OF REVERSAL

ROBERTS, Justice.

This case presents the question whether the Mandamus Act of 1893 authorizes a court to award interest to a party against the Auditor General of the Commonwealth when the Auditor General has in good faith delayed payment of certain tax receipts from a county government to that party. I believe that it does not.

Appellee Allegheny County Police Pension Fund is the recipient of the County of Allegheny's allocable share of the Foreign Casualty Insurance Premiums Tax. See Act of August 14, 1963, P.L. 1120, § 1, 72 P.S. § 2263.1a (Supp.1977). Because of certain alleged illegal expenditures of these receipts in 1973, appellant, Robert P. Casey, the Auditor General of the Commonwealth, delayed payment of $211,-803.01, appellee's 1975 allocated share of this tax, by refusing to issue the warrants necessary to release the funds. Appellant claimed authority under id. § 2263.1a(d) & (e) * to withhold this money until the County of Allegheny, the beneficiary of the alleged illegality, restored the expenditures to appellee.

Appellee brought an action in mandamus in the Commonwealth Court to compel appellant to issue warrants upon the Treasurer of the County of Allegheny, thereby allowing the $211,803.01 to be paid to appellee, "with interest from the

---

\*    "(d) All moneys paid to the treasurer of any municipality or county shall be forthwith paid, or credited, to the pension or retirement fund, or the premium on the pension annuity contract, as the case may be, to provide pension retirement or disability benefits for the policemen of such municipality or county, or the dependents of such policemen. All moneys paid into the State Employes' Retirement Fund shall be credited, in equal proportions, to the State annuity accounts of the members of the State Police who are contributing members to such fund.

   (e) Warrants for the above purposes shall be drawn by the Auditor General, payable to the treasurers of the several participating municipalities, participating counties, and to the State Employes' Retirement Fund, in accordance with this act."

Compare Fiscal Code, Act of April 9, 1929, P.L. 343, § 403, 72 P.S. § 403 (1949) (giving Auditor General power to suspend funding to the entity using funds illegally).

date of the allocation." In ruling on a motion for judgment on the pleadings, the Commonwealth Court held that the allegedly illegal expenditures were proper and ordered that the $211,803.01 be released to appellee and that appellant pay to appellee interest on the money from the date of allocation. Appellant promptly released the $211,803.01, but appeals from the award of interest.

Appellee asserts that section 16 of the Mandamus Act of 1893, Act of June 8, 1893, P.L. 345, § 16, 12 P.S. § 1919 (1967), entitles it to interest assessed against the Auditor General on the $211,803.01. Section 16 provides:

> "If a verdict is found for plaintiff and judgment is entered thereon, or if a judgment is given for him upon a demurrer, . . . he shall recover his damages and costs."

In determining whether "damages" includes interest assessed against appellant, we must insure that any award made is consistent with the purposes of such awards in mandamus actions. See 1 Pa. C.S.A. § 1921(c)(4) (Supp. 1977).

> To this end, we should recognize the general rule that: "a sovereign state is not liable for interest in any case except where, expressly or by reasonable construction of a contract or statute, it has placed itself in a position of liability. See, *Marianelli v. General State Authority,* 354 Pa. 515, 516, 47 A.2d [657], [658] (1946); *Pennsylvania Turnpike Comm. v. Smith,* 350 Pa. 355, 362, 39 A.2d 139, 143 (1944) [overruled on another issue]; *Culver v. Commonwealth,* 348 Pa. 472, 474, 35 A.2d 64, 65 (1944); *Philadelphia v. Commonwealth,* 276 Pa. 12, 14, 119 A. 723 (1923)."

Further, "A statute is never presumed to deprive the state of any prerogative, right or property unless the intent to do so is clearly manifest, either by express terms or necessary implication." *Tunison v. Commonwealth,* 347 Pa. 76, 78, 31 A.2d 521, 522 (1943); accord, *Reading Co. Appeal,* 343 Pa. 320, 322, 22 A.2d 906, 907 (1941).

The damage provision of the Mandamus Act provides a remedy to private persons for those unlawful acts or omissions of public officials which cannot fully be remedied merely by undoing the unlawful act or by performing the omitted act. If undoing the illegality is insufficient to correct the wrong, the damages provision authorizes further relief. Damages, in this context, both insure that an action in mandamus can make the plaintiff whole and prevent the unjust enrichment of the official wrongdoer.

In *Alberts v. Garofalo,* 393 Pa. 212, 142 A.2d 280 (1958), a school principal who had been dismissed when his school district illegally eliminated his position filed a complaint in mandamus seeking reinstatement. Before trial, the school district reinstated him. This Court nonetheless held that he was entitled to pursue the mandamus action and to recover damages in the form of back pay. Reinstatement alone could not make the plaintiff whole, because during the time he was wrongfully out of work, he was deprived of the salary to which he was entitled. Further, were back pay not there awarded, the public employer would have unjustly enriched itself by illegal elimination of the plaintiff's position. Accord, *Goff v. Shenandoah Borough School District,* 154 Pa.Super. 239, 35 A.2d 900 (1943). In neither of these cases does the record indicate that interest was awarded.

Here, however, the writ of mandamus obtained for appellee the release of the $211,803.01. This puts appellee in the same position as the plaintiffs in *Alberts* and *Goff.* It has received the funds it would have obtained had appellant originally issued the proper warrants. In *Alberts* and *Goff,* plaintiffs obtained their positions and back pay, exactly what they would have enjoyed had they not been unlawfully suspended.

Further, appellant here will not be unjustly enriched by the failure to award interest against him. The Auditor General did not have these funds between the time he refused to issue the original warrants and the time he issued them pursuant to the writ of mandamus. At no time were

the funds in his possession. Assessing interest against the Auditor General, that is against the Commonwealth, would not prevent the unjust enrichment of the Commonwealth, but would penalize the Auditor General for delaying payment of funds to appellee pending determination of the legality of the payment. There is no indication that the damage provision of the Mandamus Act was intended to allow assessment of penalties against defendants in mandamus actions.

The Auditor General should not be discouraged from following the course of action pursued. Appellant, because of his good faith belief that appellee had made an unauthorized expenditure, was required by law to "decline to approve any further requisition for the payment of any appropriation, or any further portion of any State tax . . . " to appellee. Fiscal Code, Act of April 9, 1929, P.L. 343, § 403, 72 P.S. § 403 (1949). To require the Auditor General to pay interest on the funds withheld, would penalize him for performing his duty. This penalty would make his office strictly liable for the exercise of its discretion to challenge the propriety of expenditures of public funds. Such a penalty would discourage the Auditor General from vigorously performing his duties as prescribed by the Fiscal Code. We should not interpret the Mandamus Act to require such a result.

"Damages" in the Mandamus Act cannot be interpreted to allow the award of interest appellee seeks. I would therefore modify the order of the Commonwealth Court by directing the deletion of the award of interest.

EAGEN, C. J., and O'BRIEN, J., join in this Opinion in Support of Reversal.