City of Pittsburgh, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation et al., Respondents; Pennsylvania Public Utility Commission, Intervening Party Petitioner.

Argued October 31, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, DiSalle and Craig. Judges Blatt and MacPhail did not participate.

*D. R. Pellegrini,* Deputy City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for petitioner.

*George D. Wenick,* Assistant Attorney General, with him *Herbert G. Zahn,* Assistant Attorney General, and *Robert W. Cunliffe,* Deputy Attorney General, for respondent.

OPINION BY JUDGE CRAIG, March 14, 1979:

In August of 1972, the Pennsylvania Public Utility Commission (Commission) ordered the City of Pittsburgh (City), at its initial expense, to begin demolition and reconstruction of the bridge carrying State Highway Route 228 over and above the grade of a track of the Baltimore & Ohio Railroad Company in the City of Pittsburgh, Allegheny County. By subseqent order dated January 15, 1974, the Commission required the Commonwealth of Pennsylvania Department of Transportation (PennDOT) to reimburse the City in a sum equal to 50% of the actual cost of materials and work, "when and as certified by Pennsylvania Public Utility Commission."

In October of 1974, the Commission certified costs of $667,139.19. By letter of December 6, 1974, PennDOT admitted owing $590,438.41, and filed a Petition to Open the Record contesting certain costs incurred by the City before August, 1972. In March of 1975,

the Commission granted the department's petition and a hearing was held May 8, 1975, at which time the City was to justify its computation of costs.

After the hearing, the Commission issued a clarification of the January 15, 1974 order, setting August 17, 1972 as the date from which costs incurred by the City would be shared by PennDOT, in effect reducing PennDOT's share. In accordance with that modified order, the Commission, on July 21, 1976, recertified the amount which PennDOT owed the City as $655,-731.75.

On October 27, 1976, these proceedings began when the City filed a petition for review in the nature of mandamus to compel PennDOT to pay the originally certified amount, plus interest accruing from October 30, 1974.

Before us now is the City's motion for judgment on the pleadings wherein the City acknowledges receipt of the correct principal amount ($655,731.75) but alleges that interest on this delayed payment, from October 30, 1974, the date of original certification, to the date of payment, September 21, 1977, remains due.

Judgment on the pleadings may be entered only where a review of all of the pleadings reveals that there are no issues of fact outstanding and the case is clear. *Commonwealth ex rel. Milk Marketing Board v. The Ohio Casualty Insurance Co.*, 25 Pa. Commonwealth Ct. 371, 360 A.2d 788 (1976).

The only issue to be resolved is whether, in a petition for review in the nature of mandamus, a municipality may recover interest on the Commission's allocation, from the date of certification to the date of payment, as part of "damages" recoverable in a mandamus action. We hold that it may.

The City relies on the now repealed Mandamus Act, Act of June 8, 1893, P.L. 345, *as amended, for-*

*merly* 12 P.S. §1919, repealed by Section 2(a) [794] of the Act of April 28, 1978, P.L. 202, to support its demand for payment of interest.[1] That section states:

> If a verdict is found for the plaintiff and judgment is entered thereon, or if a judgment is given for him upon a demurrer, or by nihil dicit, or for want of an answer, by non sum informatus, or other pleading, he shall recover his damages and costs.

PennDOT alleges that the City has waived its right to interest by its statement of the relief requests outlined in the petition to close record which the City filed with the Commission.

That petition, filed with the Commission on December 9, 1975, requested immediate payment of the $590,438.41 which PennDOT had admitted owing the City with interest from October, 1974. Alternatively, the City requested payment of $655,731.75,[2] the amount recalculated as due after the pre-August 1972 costs were deleted, without requesting interest on that latter amount.

The City's failure to request interest for the period up to December 9, 1975, however, is immaterial, because the amount on which interest is now claimed was not finally certified by the Commission until July 21, 1976.

With respect to the claim for interest upon the amount certified as of July 21, 1976, we have held

---

[1] A substantial reenactment of that provision is found at 42 Pa. C.S. §8303, and states:

> A person who is adjudged in an action in the nature of mandamus to have failed or refused without lawful justification to perform a duty required by law shall be liable in damages to the person aggrieved by such failure or refusal.

[2] The petition stated the amount as $651,906.69 which figure was corrected by the City, by letter dated March 11, 1976.

that interest may be recovered as an incident of the main recovery sought against the Commonwealth in a petition in the nature of mandamus. *Wyoming Sand and Stone v. Department of Revenue,* 24 Pa. Commonwealth Ct. 366, 355 A.2d 860 (1976), *aff'd,* 477 Pa. 488, 384 A.2d 1193 (1978); *Allegheny County Police Pension Fund v. Casey,* 26 Pa. Commonwealth Ct. 175, 362 A.2d 1136 (1976), *aff'd,* 476 Pa. 261, 382 A.2d 461 (1978).

As Judge KRAMER stated in *Allegheny County Police Pension Fund, supra,* at 179, 362 A.2d at 1138:

There is no question that the Commonwealth is subject to judgment in mandamus, and the Mandamus Act allows 'damages and costs' without distinction on the basis of the type of governmental entity against whom the writ is sought. A reasonable construction of the statute allows interest to be charged against the Commonwealth, because we conclude that it is incidental to the relief granted.

PennDOT cites *Wyoming Sand, supra,* as authority for the principle that mandamus is not the proper action to compel payment of interest. The Supreme Court of Pennsylvania, affirming the result in that case, held that, because Wyoming Sand appealed the amount of the tax refund, no payment was due from the Commonwealth, there being no statutory authority to allow the Commonwealth to make any payment on a challenged tax refund. Because there had been no unlawful retention of taxpayer's funds, the taxpayer was not entitled to interest. Hence, mandamus did not lie for the lack of a substantive basis for interest.

In the present case, upon the Commission's certification of PennDOT's allocable share on July 21, 1976, there being no appeal, the City's entitlement to that award was immediately enforceable. However, the City did not receive payment until September of

1977. To require payment of interest is only to insure that the City will receive the interest which accrued while the Commonwealth held funds due the City.

PennDOT also seeks to rely on this Court's opinion in *Wyoming Sand, supra,* for the proposition that interest cannot now be collected in mandamus because PennDOT voluntarily paid the principal *after* the institution of this action in which the City sued for both principal and interest.

We cannot accept that contention. It amounts to an unacceptable proposition that mandamus, the correct action to compel payment of the principal with interest incidental to it, suddenly becomes improper to compel payment of interest alone simply because respondent unilaterally chooses to make payment of the principal while the action is pending. The Supreme Court has held that a mandamus defendant cannot defeat the propriety of the action by voluntarily conceding part of the relief sought. *Alberts v. Garofalo,* 393 Pa. 212, 142 A.2d 280 (1958).

The voluntary payment of the principal after the filing of this action, if it had any meaning, confirmed that payment was due[3] and hence admitted that interest is deserved.

Therefore, we hold that judgment on the pleadings be entered for the City and will award statutory interest on the principal amount of $655,731.75 from July 21, 1976 through September 21, 1977, in favor of the City.

ORDER

Now, this 14th day of March, 1979, the Motion for Judgment on the Pleadings of the City of Pittsburgh

---

[3] PennDOT, by preliminary objections, initially argued that interest is not warranted because payment had to await legislative authorization, but has withdrawn those preliminary objections.

is granted and judgment is entered for the City of Pittsburgh and against the Pennsylvania Department of Transportation for interest at the legal rate of six percent (6%) per year on the principal amount of $655,731.75, from July 21, 1976 until September 21, 1977; and, the Pennsylvania Department of Transportation is hereby ordered to do all things necessary to authorize the payment of same.