Trustees of General Teamsters Local 397, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation and Robert P. Casey, Treasurer of the Commonwealth of Pennsylvania, Respondents.

Argued September 10, 1979, before Judges WIL-KINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Richard W. Perhacs,* with him *Elderkin, Martin, Kelly, Messina & Zamboldi,* for petitioners.

*Lawrence R. Wieder,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE CRAIG, October 19, 1979:

The trustees of General Teamsters Local 397 (Teamsters) have filed this petition for review in the nature of mandamus to compel payment by the Commonwealth of Pennsylvania, Department of Transportation, of a balance of an eminent domain award made in Erie County. The Commonwealth paid $155,600.00 out of a total award of $159,266.80. As to the board of viewers report, the Commonwealth filed no appeal. The Commonwealth's only basis for refusing to pay the balance of $3,666.80 is a claim that the viewers erred in the computation of interest by using a wrong date.

The pleadings have established that these facts are undisputed because the answer admits them, with the

exception of a denial claiming only that detention damages should be payable from March 1, 1977 rather than July 14, 1976. Accordingly, the Teamsters have filed a motion for judgment on the pleadings, which we will grant.

The question is: Is an award of a board of viewers, not appealed by the condemnor, entitled to enforcement against the Commonwealth despite a claim of error in the determination of interest in the award?

A viewers' award which is not appealed within 30 days becomes final as of course and constitutes "a final judgment," as clearly provided by Section 515 of the Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended*, 26 P.S. §1-515. The appeal period is mandatory. *Municipal Authority of Westmoreland County v. Patterson*, 14 Pa. Commonwealth Ct. 614, 322 A.2d 805 (1974). Once the Commonwealth has permitted the period to expire without filing an appeal, we lack jurisdiction to consider the Commonwealth's objections. *Hafetz v. Redevelopment Authority of The City of Wilkes-Barre*, 19 Pa. Commonwealth Ct. 202, 339 A.2d 644 (1975).

Here the Commonwealth cannot extend the appeal period by indirection through litigation arising from its obdurate refusal to honor a judgment now final. *In Re Estate of Tower*, 463 Pa. 93, 343 A.2d 671 (1975); *Restatement of Judgments*, §126 (1942).

An action in the nature of mandamus is appropriate for the collection of interest against the Commonwealth. *Allegheny County Police Pension Fund v. Casey*, 26 Pa. Commonwealth Ct. 175, 362 A.2d 1136 (1976), *aff'd* 476 Pa. 261, 382 A.2d 461 (1978). We have also recently held that such an action is additionally appropriate for the collection of interest alone against the Commonwealth. *City of Pittsburgh v. Department of Transportaton*, 41 Pa. Commonwealth Ct. 247, 399 A.2d 141 (1979).

Accordingly, we will direct that the Commonwealth pay the Teamsters the unpaid balance of the award, plus interest to the date of payment from October 7, 1977, the date on which the award became a final judgment.

### Order

And Now, this 19th day of October, 1979, petitioners' motion for judgment on the pleadings is granted and judgment in favor of petitioners and against respondents is affirmed in the amount of $3,666.80, plus interest at 6% from October 7, 1977 to the date of payment, and respondents are ordered to pay the same.