613 A.2d 94

TOWNSHIP OF MARPLE, the Board of Commissioners of the Township of Marple and Lee Gershenfeld, Appellants,

v.

Robert WEIDMAN, Appellee.

Commonwealth Court of Pennsylvania.

Argued June 16, 1992.

Decided July 20, 1992.

Robert F. Pappano, for appellants.

Denis M. Dunn, for appellee.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

The Township of Marple and the Board of Commissioners of the Township of Marple appeal from an order awarding counsel fees in the amount of $3530.50 against Marple after Robert Weidman, a property owner, successfully brought a mandamus suit against the township.

This controversy originally involved the refusal of the township board to issue a permit to Weidman for the installation of an antenna on his property. Weidman brought an action in mandamus together with a motion for peremptory judgment. The township filed no answer and the judgment was granted.

Weidman then filed the instant action and sought counsel fees pursuant to Section 8303 of the Judicial Code, 42 Pa.C.S. § 8303, which reads:

> A person who is adjudged in an action in the nature of mandamus to have failed or refused without lawful justification to perform a duty required by law shall be liable in damages to the person aggrieved by such failure or refusal.

and Section 2503(9) of the Judicial Code, 42 Pa.C.S. § 2503(9),[1] which authorizes reasonable counsel fees to:

> Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

In this appeal, no question is raised concerning the reasonableness of the fees. The sole question is whether the trial

---

1. Erroneously cited as section § 28 03(9) in Weidman's petition.

court properly awarded counsel fees under section 8303 or whether he was obliged and restricted to make such an award only under section 2503—in this case, section 2503(9) in particular.

The question involved in this case is narrow but important. We have examined the cases and find that, although this court has had before it the broad question of damages in a successful mandamus action, *Stoner v. Township of Lower Merion*, 138 Pa.Commonwealth Ct. 257, 587 A.2d 879 (1991), no court has ruled on the question of whether counsel fees are included within the definition of damages in such actions. *Stoner* holds that while damages are not plenary, they include those damages "incidental" to the "specific relief being sought" but do not include "consequential damages or damages arising in connection with transactions or potential transactions with other parties." *Id.* at 269, 387 A.2d at 885.

This Court has held that a mandamus action can include an award of interest against the Commonwealth when the Auditor General, even in good faith, delays payments. *Allegheny County Police Pension Fund v. Casey*, 26 Pa.Commonwealth Ct. 175, 362 A.2d 1136 (1976) *affirmed by an equally divided court*, 476 Pa. 261, 382 A.2d 461 (1978). Both appellants and appellee cite *Wudkwych v. Borough of Canonsburg*, 111 Pa.Commonwealth Ct. 322, 533 A.2d 1104 (1987), a case disposing of attorney's fees in a mandamus action. However, *Wudkwych* is of no assistance in deciding this case, for it merely holds that since there was no allegation that the borough acted in an arbitrary or vexatious manner, no attorney's fees should have been awarded under section 2503. No request for attorney's fees under section 8303 was decided in that case. *See also Millstone Enterprises v. Department of Environmental Resources*, 101 Pa.Commonwealth Ct. 408, 516 A.2d 814 (1986).[2]

2. In *Cianfrani v. State Employees Retirement Board*, 78 Pa.Commonwealth Ct. 597, 468 A.2d 1151 (1983), we held that attorney's fees are not an item of taxable *costs* under Section 1726(1) of the Judicial Code, 42 Pa.C.S. § 1726(1), except to the extent authorized by Section 2503.

We are thus confronted with deciding the question of whether the word "damages" in section 8303 includes attorney's fees in the face of specific provisions in section 2503 governing the circumstances under which attorney's fees may be awarded. We hold that damages do not include attorney's fees and that plaintiffs in successful mandamus suits must seek attorney's fees only under section 2503. To hold otherwise would result in an automatic assessment of counsel fees against conscientious public officials acting (or refusing to act) in a manner which they believed to be proper if, later in a mandamus action, a court holds that their action was clearly illegal. It would also confer upon the mandamus plaintiff a remedy not available to municipal officials, who, in the defense of mandamus claims, are limited solely to the award of fees under section 2503 when a claim is adjudged unwarranted under that section. On the other hand, relegating successful mandamus plaintiffs to section 2503 provides a practical but circumscribed criterion for the recovery of counsel fees based on the particulars of a specific mandamus action. *Casel v. Scott,* 330 Pa.Superior Ct. 412, 479 A.2d 619 (1984). A decision rendered under such a criterion is, in turn, readily reviewable on appeal.

Certainly, one argument which facially supports the claim that damages include attorney's fees is that damages in a mandamus action are "intended to make whole persons injured as a result of acts or omissions of public officials...." *Allegheny County Pension Fund,* 476 Pa. at 263, 382 A.2d at 463. This is generally true, however, of all civil actions. Yet it is a well accepted proposition in our legal system that attorney's fees are not recoverable in the absence of statute or contract. *Jones v. Muir,* 511 Pa. 535, 515 A.2d 855 (1986). We therefore hold that any claim for counsel fees by a successful plaintiff in a mandamus action should be awarded only after a consideration of the factors set forth in section 2503. Consequently, we will vacate the common pleas court's order and remand for an appropriate disposal of this matter by that court.[3]

3. This opinion is, of course, not intended to indicate in any way that this court endorses the award of counsel fees in this case. Equally, the

In view of our disposition here, we reject Weidman's request under Pa.R.A.P. 2744 for counsel fees for defending the board's appeal to this Court.

## ORDER

AND NOW, this 20th day of July, 1992, the order of the Delaware County Court of Common Pleas, dated September 12, 1991, is hereby vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

opinion does not decide that the award was unwarranted. It only decides that the award was made without a consideration of the appropriate statute.