Ronald Darney, Peter Richards and Ralph Wilson, Appellants *v.* Borough of West Mifflin, Appellee.

Argued October 29, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ronald P. Koerner,* with him *Gatz, Cohen, Segal & Koerner,* for appellants.

*Richard G. Zeleznik,* for appellee.

OPINION BY JUDGE BLATT, February 10, 1976:

This is an appeal from an Order of the Court of Common Pleas of Allegheny County sustaining preliminary objections to the complaint in mandamus filed by these plaintiff-appellants and dismissing this complaint.

The plaintiff-appellants here are police officers employed by the appellee, the Borough of West Mifflin (Borough), and elected by the other members of the West Mifflin Police Force to represent them in collective bargaining pursuant to the Act of June 24, 1968, P.L.

237, 43 P.S. §217.1 et seq. (Act 111). Their complaint in mandamus alleged that a collective bargaining agreement had been reached with the Borough for the year of 1974 and that the agreement had provided for double time and one-half to be paid for holidays worked by police officers paid at an hourly rate. The complaint also alleged that the Borough then offered an agreement which differed from the actual agreement of the parties in that it granted double time and one-half to both hourly and salaried police officers. The plaintiff-appellants asked the court, therefore, to compel the Borough to accede to an agreement conforming to the actual agreement allegedly reached by the parties.

The Borough filed preliminary objections, including a demurrer, which were sustained by the court below. An appeal was then taken to this Court from the order sustaining the preliminary objections and dismissing the complaint.

Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a lack of any other adequate and appropriate remedy at at law. *Burlington Homes v. Department of Transportation,* 17 Pa. Commonwealth Ct. 329, 332 A.2d 575 (1975); *Valley Forge Racing Association, Inc. v. State Horse Racing Commission,* 449 Pa. 292, 297 A.2d 823 (1972).

The plaintiff-appellants in this case had a statutory remedy available to them under Act 111, which provides:

"(a) If in any case of a dispute between a public employer and its policemen or firemen employes the collective bargaining process reaches an impasse and stalemate, or if the appropriate lawmaking body does not approve the agreement reached by collective bargaining, with the result that said employers and employes are unable to effect a settlement, then either party to the dispute, after written notice to the other

party containing specifications of the issue or issues in dispute, may request the appointment of a board of arbitration.

"For purposes of this section, *an impasse or stalemate shall be deemed to occur in the collective bargaining process if the parties do not reach a settlement of the issue or issues in dispute by way of a written agreement within thirty days after collective bargaining proceedings have been initiated.*" Section 217.4(a) of Act 111, 43 P.S. §217.4(a). (Emphasis added.)

When a satisfactory written agreement could not be reached, they had the right to request the appointment of a board of arbitration, but they failed to make any such request. They were barred, therefore, from later seeking mandamus, for they had failed to exercise their statutory remedy, when it was available to them.

Because the plaintiff-appellants had another and an adequate remedy at law, therefore, and because their complaint consequently lacks the elements required for mandamus, the court below properly sustained preliminary objections and dismissed their complaint.

We affirm.