## Almonrode v. Newtown Township

*James A. Downey, III,* for plaintiffs.
*C. David Krewson,* for defendants.

LUDWIG, *J.,* July 31, 1981—Under the single judge procedure of Bucks Co. R.C.P. *266, we overruled defendant Newtown Township's preliminary objections to the complaint in the nature of a petition raising a question of jurisdiction; defendant's appeal followed.[1]

Plaintiff police officers, collectively known as the

---

1. Plaintiffs have filed, in the Commonwealth Court, a motion to quash the appeal as interlocutory. This issue is not before us.

Newtown Township Police Benevolent Association, brought this mandamus action to compel their employer, defendant township, to proceed with arbitration under the Act of June 24, 1968, P.L. 237, 43 Pa.C.S.A. §217.1 et seq., known as the Collective Bargaining by Policemen or Firemen Act.

Defendant township challenged the power of this court to grant plaintiffs' request for relief. Its preliminary objections aver that plaintiffs refused to sign a written agreement incorporating a settlement reached by the parties and that because of this refusal, the mandatory collective bargaining provisions of Act 111, supra, do not apply. Instead, it is argued, plaintiffs have a complete administrative remedy under the Public Employee Relations Act, Act of July 23, 1970, P.L. 563, Art. XII, Section 1201(b)(5) as amended, 43 P.S. §1101.1201; and, furthermore, there is not a clear legal right to mandamus.[2]

The complaint alleges that the parties entered into collective bargaining for the contract year 1981 after a written contract had been prepared by and executed for the township in July, 1980 but plaintiffs did not sign it. In September, 1980 plaintiffs served on the township a request for arbitration under Act 111, including their selection of an arbitrator, and, in response, defendant selected its arbitrator. When a third arbitrator could not be agreed upon, the "neutral" arbitrator procedure of Act 111 was followed, and a list of three persons was obtained from the American Arbitration Association, and each side struck off one of them, the

2. Defendant petitioned the Pennsylvania Labor Relations Board to take jurisdiction of the subject matter of this action under Act 195, and the board refused. Defendant's exceptions to this ruling have not been decided.

township's arbitrator striking first. After receipt of notice of plaintiffs' strike, the township declined to proceed any further with the arbitration; and plaintiffs thereupon filed this action.

Section 4 of Act 111 provides, pertinently, 43 Pa.C.S.A. §217.4:

(a) If in any case of a dispute between a public employer and its policemen or firemen employes the collective bargaining process reaches an impasse and stalemate, or if the appropriate lawmaking body does not approve the agreement reached by collective bargaining, with the result that said employers and employes are unable to effect a settlement, then either party to dispute, after written notice to the other party containing specifications of the issues in dispute may request the appointment of a board of arbitration.

For purposes of this section, an impasse or stalemate shall be deemed to occur in the collective bargaining process if the parties do not reach a settlement of the issue or issues in dispute by way of a written agreement within 30 days after collective bargaining proceedings have been initiated.

A mandamus action filed in the Court of Common Pleas is the proper remedy under Act 111 to compel public employees to bargain collectively with the duly elected representatives of police officers: Board of Commissioners of Montgomery County v. Lukens, 51 Pa. Commonwealth Ct. 576, 415, A. 2d 118 (1980). This result, according to defendant, should not occur here for two reasons that involve the relationship between Act 111 and Act 195, together with a question of statutory construction. Narrowly stated, defendant's arguments are that (1) plaintiffs' failure to sign the written agreement constituted an unfair labor practice under section

1201(b)(5) of Act 195, 43 P.S. §1101.1201 requiring that the controversy be submitted to the Pennsylvania Labor Relations Board; and (2) because of the alleged settlement no "impasse or stalemate" was reached and, accordingly, the arbitration procedure of Act 111 was not operable.

Defendant recognizes that Acts 111 and 195 ordinarily are not to be read in pari materia: Geriot v. Council Borough of Darby, ___ Pa ___, 417 A. 2d 1144 (1980); County of Bucks v. Pa. Labor Relations Board, 35 Bucks Co. L. Rep. 264 (1980)[3] (Opinion, Bodley, J., attached to appeal record). But defendant maintains that the complex and sophisticated nature of employer-employee relations requires us in this case to ignore the procedure of Act 111 in favor of the grievance sections of Act 195.[4] We disagree.

Act 195 expressly excludes police and fire officers: *Id.,* §301, 43 P.S. §1101.301(2); Geriot v. Council Borough of Darby, supra. The law with which Act 111 may stand in pari materia is not Act 195 but is the Pennsylvania Labor Relations Act, Act of June 1, 1937, P.L. 1168, 43 P.S. 211.1 et seq., which does not include refusal to execute a collective bargaining agreement as an unfair labor practice. In some circumstances, the Common Pleas Court may be ill-suited to resolve a labor dispute. On this basis, in Philadelphia Fire Officers Association v. Pa.L.R.B., 470 Pa. 550, 369 A. 2d 759 (1977), it was held that, instead of the court, the

---

3. On appeal to the Commonwealth Court.

4. Statutes are in pari materia when they relate to same class of persons or things: 1 Pa.C.S.A. §1932(a). See In re. William L., 477 Pa. 322, 383 A. 2d 1227 (1978). When statutes are so related, they shall be construed together whenever possible as one statute. See Commonwealth v. PEC, 472 Pa. 530, 372 A. 2d 815 (1977).

Pennsylvania Labor Relations Board had jurisdiction to conduct a bargaining unit election involving firemen and police officers. But for this purpose Act 111 and the Pennsylvania Labor Relations Act, and not Act 195, were read together—so as to avoid the impracticality of having representatives of the court of common pleas conduct elections in firehouses and police stations. See Geriot v. Council Borough of Darby, supra.

In the present case, there are none of the infeasible aspects or consequences of such an election. Even if there were, it has been decided that the proper forum for the submission of grievances under Act 111 is this court and not the P.L.R.B. See, e.g., Flood v. Borough of Canonsburg, 28 Pa Commonwealth Ct. 248, 368 A. 2d 348 (1977); Darney v. Borough of West Mifflin, 23 Pa. Commonwealth Ct. 267, 351 A. 2d 317 (1976).

What is more, the impasse issue raised by defendant is governed by the reasoning in Darney v. Borough of West Mifflin, supra, in which the borough's police department, conversely to the present case, sued in mandamus to compel the effectuation of an alleged employment agreement. In affirming the dismissal of the complaint by reason of the borough's preliminary objections, the Commonwealth Court held that plaintiffs had an adequate remedy at law under Act 111—the same statutory remedy that instant plaintiffs have sought here, the appointment of a board of arbitration.

Darney also answers defendant's assertion that there is no clear right in plaintiffs to a mandamus for the appointment of arbitrators. Under the present facts, we regard Darney as declaring such a right to be unequivocal.