474 A.2d 698

Robert Woolston et al., Plaintiffs *v.* Clark T. Cutting et al., Defendants.

Hearing held October 11, 1983, before Judge BARRY.

*Theodore H. Swan, Jr.*, with him, *Richard W. Berlinger*, for petitioners.

*Paul A. Logan*, with him, *Thomas E. Waters, Jr.*, for respondents, Clark T. Cutting, William Corcoran, Township of Abington, Abington Township Board of Commissioners.

*Mollie A. McCurdy*, Deputy Attorney General, with her, *Allen C. Warshaw*, Deputy Attorney General, and *LeRoy S. Zimmerman*, Attorney General, for respondents, Commonwealth of Pennsylvania.

OPINION BY JUDGE BARRY, January 19, 1984:

On July 9, 1982, Robert Woolston, Karen Purcell and Bonnie Gerrie (plaintiffs) filed a three count class action suit in the Court of Common Pleas of Montgomery County, naming as defendants the Township of Abington, the Abington Township Board of Commissioners, Clark T. Cutting, Acting Chief of Police and William Corcoran, Captain of Police. The plaintiffs purported to represent a class consisting of all individuals who had been issued traffic citations by members of the Abington Township Police Department from October 30, 1981 to the present. The complaint states that the defendants, for the period in question, had been issuing traffic citations in violation of the Act of October 30, 1981, P.L. 321, 71 P.S. §§2001-02 (Supp. 1983-84) (Act 114).

The first count of the complaint, in mandamus, seeks a declaration that all tickets and/or traffic citations issued during the time period were null and void, thereby requiring the return of all fines paid and the expungement of points assessed against those individuals' driving records. The second count seeks a preliminary injunction prohibiting defendants from

issuing traffic citations in violation of Act 114. The final count seeks exemplary damages.

Subsequent to the filing of the original complaint, defendants filed preliminary objections which alleged, *inter alia,* that the Commonwealth was an indispensable party. The trial court agreed, holding that return of fine monies and the expungement of points from individual driving records required the joinder of the Commonwealth. The court ordered the plaintiffs to file an amended complaint. Plaintiffs did so, naming as defendants, in addition to those already mentioned, the Commonwealth of Pennsylvania, the Pennsylvania Department of Revenue and the Pennsylvania Department of Transportation. The matter was thereafter transferred to this Court in its original jurisdiction. The Commonwealth defendants have filed preliminary objections which, along with the preliminary objections of Abington Township are before this Court.

Both the Abington Township defendants and the Commonwealth defendants argue that Act 114, instead of creating a separate *civil* cause of action, was intended to create an affirmative defense which had to be raised at the criminal proceedings for determining guilt on the summary offense charged. Act 114 provides:

§2001.   Issuance of citations or tickets; illegality of quota requirements

No political subdivision or agency of the Commonwealth shall have the power and authority to order, mandate, require or in any other manner, directly or indirectly, suggest to any police officer . . . that said police officer . . . shall issue a certain number of traffic citations, tickets or any type of citation on any daily, weekly, monthly, quarterly or yearly basis.

§2002.   Unenforceable tickets or citations

Any tickets or citations issued in violation of this Act shall be unenforceable, null and void.

It is clear to this Court that the language of the statute offers no assistance in deciding how the Legislature intended that a violation of Act 114 was to be raised. The Court believes that only two possibilities exist; either, as defendants argue, the issue must be raised at each individual criminal proceeding or as plaintiffs believe, Act 114 was intended to create a separate civil cause of action. The Court believes exploring the latter possibility first is necessary.

Assume, for purposes of argument, that the Legislature intended to create a *civil* cause of action for violations of Act 114. The individuals who theoretically could pursue such a claim would be all of those individuals who received a traffic citation pursuant to a quota system since October 30, 1981, the effective date of the Act. Immediately, however, a number of those individuals must be dropped from the purported class. Obviously, any individual who was found not guilty of the summary offense by an appropriate tribunal is not entitled to relief because no fines have been levied nor have points been assessed. None of these individuals have any reason now to complain.

Included next in the purported class would be those persons whose traffic citation has led to a final conviction. In this group are those individuals who were found guilty by a District Justice and then failed to take an appeal. The doctrine of *res judicata,* it is believed, would prevent any such person from availing himself of an alleged cause of action under Act 114 since this would be a collateral attack on his conviction. *In Interest of Ryan,* 277 Pa. Superior Ct. 433, 419 A.2d 1224 (1980). Also included in the purported class would be those individuals who have pled guilty to the summary offense in question. In general, a plea of guilty constitutes a waiver of all defects and defenses, thereby precluding the individual pleading guilty from thereaf-

ter challenging anything except the jurisdiction of the court, the legality of the sentence and the validity of the guilty plea. *Commonwealth v. Moyer*, 497 Pa. 643, 444 A.2d 101 (1982). For example, it has been held in *Commonwealth v. Brown*, 443 Pa. 21, 275 A.2d 332 (1971) that a guilty plea constitutes a waiver of any claim concerning an illegal arrest. This is essentially, in this Court's view, what plaintiffs are claiming in alleging violations of Act 114. Finally, there is a group of individuals who were convicted by a District Justice and thereafter pursued all available appellate review, with the conviction being ultimately affirmed. Again *res judicata* would prevent collateral attack by way of a civil cause of action pursuant to Act 114.[1]

After excluding from the class those individuals described above, one is left with those people who have yet to be finally convicted.[2] Those in the process of pursuing their appellate rights can be divided into two groups; those who raised the Act 114 violation at the trial *de novo* as provided for by Pa. R. Crim. P. 67 and those who failed to raise the issue. In *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) and its progeny, the Supreme Court has consistently held that issues not raised at trial will be considered waived on appeal. Therefore, those people whose convictions are not final but have failed to raise the issue at trial could not pursue a possible civil cause of action under Act 114.

---

[1] It is important to note that this Court's research has found no cases interpreting Act 114, thereby leading to the conclusion that none of the individuals with final convictions have raised the question of an Act 114 violation.

[2] At this point, it must be noted that the only plaintiffs left are those who have yet to be fined or assessed with points and as such, the Commonwealth is no longer an indispensable party. For purposes of judicial economy, we will complete our analysis rather than retransferring the case.

Of the purported class, the only remaining members who could avail themselves of a possible civil remedy are those who have preserved the issue of an Act 114 violation on appeal from their criminal convictions and those individuals waiting to be tried. It is inconceivable to this Court that the Legislature intended to allow parallel civil and criminal actions on the same issue. The Statutory Construction Act of 1972[3] provides, in pertinent part, "[w]hen the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters: . . . . (6) The consequences of a particular interpretation." 1 Pa. C. S. §1921(c). Furthermore, "[i]n ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used: (1) that the General Assembly does not intend a result that is absurd . . . or unreasonable." 1 Pa. C. S. §1922.

Based on all of the foregoing, it is the Court's belief that Act 114 was intended by the Legislature to be an affirmative defense to individual defendants. The Court reaches this conclusion not from the language of Act 114, but by excluding every other interpretation than that in which an affirmative defense must be raised by each accused at his criminal trial. Therefore, since an adequate legal remedy exists, those portions of the plaintiffs' complaint sounding in equity must be dismissed. The same holds true for the remaining portion of the complaint in mandamus. *Burlington Homes, Inc. v. Kassab,* 17 Pa. Commonwealth Ct. 329, 332 A.2d 575 (1975).

Finally, an affirmative defense to a criminal charge does not give rise to a claim for exemplary damages. It may not be necessary for the Court to decide this ques-

---

[3] 1 Pa. C. S. §1501-1991.

tion in view of the above, but the Court does so, nevertheless, in the event further proceedings develop as a result of this controversy.

ORDER

AND NOW, January 19, 1984, defendants' preliminary objections are sustained and the complaint is dismissed.