## Commonwealth v. McClellan

*Laurie Montgomery*, for the commonwealth.
*Michael Ranck*, for defendant.

WOOD, *J.*, January 13, 1987—In this summary appeal, defendant was cited for speeding, in violation of 75 Pa. C.S. §3362(a)(3) on March 21, 1986. At trial de novo before me, defendant stipulated that the prosecuting police officers would testify in accordance with the citation issued, and he offered no counter testimony of his own.

As his sole defense, defendant raises the question whether, at the time the citation was issued, the Avondale barracks was operating under a quota system in violation of 71 P.S. §2001. That statute provides:

"No political subdivision or agency of the commonwealth shall have the power or authority to order, mandate, require or in any other manner, directly or indirectly, suggest to any police officer, state police officer, game commission officer, fish commission officer or any other officer employed by such political subdivision or agency of the commonwealth that said police officer, state police officer, game commission officer, fish commission officer or any other officer shall issue a certain number of traffic citations, tickets or any other type of citation on any daily, weekly, monthly, quarterly or yearly

basis." 71 P.S. §2002 provides that any tickets or citations issued in violation of 71 P.S. §2001 shall be unenforceable, null, and void.

This statute provides an affirmative defense in a criminal proceeding: *Woolston v. Cutting,* 103 Pa. Commw. 217, 474 A.2d 698 (1984). Defendant has the burden of proving by a preponderance of the evidence that there has been a violation of the statute. *Commonwealth v. Greene,* 32 D.&C. 3d 48 (1984).

In *Greene,* supra, defendant introduced into evidence a memorandum prepared by a sergeant of the state police, which noted that the number of traffic citations issued by the Embreeville station had declined. The memo urged the station to increase the number of citations issued. The court held that this evidence was sufficient to prove that 71 P.S. §2001 had been violated.

In this case, defendant has not produced evidence of any kind that a quota system was in effect. The only evidence he has offered consists of budget statements for various Chester County municipalities for the past four years, showing projected revenues from court costs and fines, and the actual revenue received from costs and fines. Defendant contends that the existence of these budgets operates as a mandate or suggestion to the various police departments which service these municipalities, that sufficient arrests be made to meet the revenue predictions in the budgets.

Municipal budgets are simply projections of anticipated revenues based on a combination of past experience and informed predictions of future activity. Every municipality which receives fines from speeding offenses includes such projections. To say that they establish quotas in violation of 71 P.S. §2001 would emasculate either the budgeting process, or enforcement of the Vehicle Code, or both.

Accordingly I enter the following

## VERDICT

I find defendant guilty of violating 75 Pa.C.S. §3362(a)(3). The court administrator is directed to schedule this matter for sentencing.

Defendant is hereby advised of the following post-verdict rights:

(1) You have 10 days from this date in which to file a motion for new trial, in which you would challenge any alleged error in the pre-trial proceedings or at trial in the court of common pleas, or a motion in arrest of judgment, in which you may argue that the evidence was insufficient to sustain the verdict, or both.

(2) Only the grounds contained in such motions may be argued in a later appeal to the Superior Court. The motions must be specific and particular. Failure to comply with this requirement results in waiver of your right to make these arguments.

(3) You also have the right to waive the 10 days for filing post-trial motions, and to argue them orally at a time convenient to the court and parties.

(4) You also have the right to waive the right to file post-trial motions and to proceed to sentencing, and

(5) If you file motions, you will be notified of the date on which they will be argued; if you waive your right to file, the court administrator will schedule a date for sentencing and notify you of that.

(6) You have the right to the assistance of a lawyer in filing these motions; if the sentence you might receive includes the possibility of jail, and you cannot afford a lawyer, you may apply to the court and a lawyer will be appointed to represent you free of charge.

(7) If you do not file post-trial motions, or if these motions are overruled, your sentence will be $69 fine and costs.

Unless you file post-trial motions, that judgment of sentence will be docketed automatically by the clerk of courts after 10 days have passed, or after you have stated that you do not wish to proceed further in the case.

Once you are sentenced, you must pay the fine and costs promptly. You may pay by check, through the mail.