Burlington Homes, Inc., Plaintiff, *v.* Jacob Kassab, Secretary, Department of Transportation, Commonwealth of Pennsylvania, Defendant.

Standard Coach Company, Inc., Plaintiff, *v.* Jacob Kassab, Secretary, Department of Transportation, Commonwealth of Pennsylvania, Defendant.

Redman Mobile Homes, Inc., Plaintiff, *v.* Jacob Kassab, Secretary, Department of Transportation, Commonwealth of Pennsylvania, Defendant.

Astro Manufacturing Co., Inc., Plaintiff, *v.* Jacob Kassab, Secretary, Department of Transportation, Commonwealth of Pennsylvania, Defendant.

Newport Homes, Inc., Plaintiff, *v.* Jacob Kassab, Secretary, Department of Transportation, Commonwealth of Pennsylvania, Defendant.

Herrli Industries, Inc., Plaintiff, *v.* Jacob Kassab, Secretary, Department of Transportation, Commonwealth of Pennsylvania, Defendant.

Poloron Homes of Pennsylvania, Inc., Plaintiff, *v.* Jacob Kassab, Secretary, Department of Transportation, Commonwealth of Pennsylvania, Defendant.

Argued November 7, 1974, before President Judge Bowman and Judges Crumlish, Jr., Mencer, Rogers and Blatt. Judges Kramer and Wilkinson, Jr. did not participate.

*Arthur R. Littleton,* with him *R. Bruce Whitney* and *Morgan, Lewis & Brockius,* for plaintiffs.

*Stuart J. Moskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for defendant.

OPINION BY JUDGE CRUMLISH, JR., February 6, 1975:

Before us are the preliminary objections by defendant, Jacob Kassab, then Secretary of the Pennsylvania Department of Transportation, to complaints in mandamus filed by plaintiffs, Pennsylvania-based manufacturers of mobile homes, in which they seek to compel defendant to exercise the discretion vested in him by Section 905(a) of The Vehicle Code[1] and the departmental regulations promulgated thereunder in considering their applications for special hauling permits to transport fourteen feet wide mobile homes on State highways. The preliminary objections are in the nature of a demurrer and a motion to strike off, alleging a valid exercise of

---

1. Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §905 (a).

discretion by rejecting the applications following the terms of a "final directive" issued by Penndot on January 3, 1974. Accordingly, he contends mandamus does not lie to dictate a different result. In the companion case of *Newport Homes, Inc. v. Kassab*,     Pa. Commonwealth Ct.     , 332 A. 2d 575 (No. 776 C.D. 1974, filed February 6, 1975), we held that this "final directive", which banned the primary movement of fourteen feet wide mobile homes on State highways after February 28, 1974, was a nullity because it had not been promulgated pursuant to the requirements of the Commonwealth Documents Law,[2] and, therefore, it had no substance upon which to base the rejection of the applications there involved. In addition, we held that the denial of special hauling permits were "adjudications" from which an appeal would lie under the Administrative Agency Law.[3]

"It is axiomatic that mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy . . . . Mandamus does not lie to compel the performance of discretionary acts except where the exercise or non-exercise of discretion is arbitrary, fraudulent or based upon a mistaken view of the law." *Valley Forge Racing Association, Inc. v. State Horse Racing Commission*, 449 Pa. 292, 295, 297 A. 2d 823, 824, 825 (1972). *See also, South Whitehall Township v. Commonwealth*, 11 Pa. Commonwealth Ct. 558, 316 A. 2d 104 (1974). Plaintiffs allege that defendant has not exercised his discretion with respect to the oversized mobile home movements proposed by plaintiffs, and thus

---

2. Act of July 31, 1968, P.L. 769, 45 P.S. §1101 et seq. (Supp. 1974-1975).

3. Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq.

mandamus is appropriate, not to control the exercise of discretion, but to compel defendant to exercise his discretion to reach some decision. *See Kremer v. Shoyer,* 453 Pa. 22, 311 A. 2d 600 (1973) ; *Larson v. Peirce Junior College,* 11 Pa. Commonwealth Ct. 271, 314 A. 2d 572 (1973). Mandamus ordinarily would lie to compel the exercise of discretion in some instances such as the case before us. However, our decision in *Newport Homes, Inc. v. Kassab, supra,* established an appropriate and adequate remedy at law, when we held that plaintiffs' relief is available in appeal under the aegis of the Administrative Agency Law from the rejection of their applications for special hauling permits. The availability and utilization of this remedy by plaintiffs negates their right to relief in mandamus. *Valley Forge, supra; Hutnik v. Duquesne School District,* 8 Pa. Commonwealth Ct. 387, 302 A. 2d 873 (1973).

Consistent with the foregoing, we enter the following

ORDER

AND NOW, this 6th day of February, 1975, the preliminary objections in the nature of a demurrer are hereby sustained and plaintiffs' complaints in mandamus are dismissed.