## Commonwealth ex rel. Lonnie Dawson, Plaintiff, *v.* Board of Probation and Parole, Defendant.

Argued February 3, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*F. Michael Medway,* with him *Barry H. Denker* and *Shuman, Denker & Land,* for plaintiff.

*Robert A. Greevy,* Assistant Attorney General, with him *Benjamin Lerner,* Deputy Attorney General, and *Israel Packel,* Attorney General, for defendant.

OPINION BY PRESIDENT JUDGE BOWMAN, March 6, 1975:

Before us for disposition is defendant's motion for judgment on the pleadings filed pursuant to Pa. R.C.P.

No. 1034. The pleadings in the instant case consist of plaintiff's complaint in mandamus, alleging an abuse of defendant's discretion in recommitting him as a technical parole violator, defendant's answer thereto and new matter, and plaintiff's answer to new matter.

It is axiomatic that the extraordinary relief of mandamus only lies when the plaintiff's right to relief is clear and convincing. It does not lie when the Board exercises its discretion, unless such exercise is so arbitrary as to be, in fact, no actual exercise of discretion. *Banks v. Board of Probation and Parole*, 4 Pa. Commonwealth Ct. 197, — A.2d — (1971).

When considering a motion for judgment on the pleadings filed by a defendant, the Court must accept as true plaintiff's well-pleaded facts and the well-pleaded facts contained in defendant's new matter not put in issue by plaintiff; and judgment will only be entered where the matter is clear and free from doubt. *Aughenbaugh v. North American Refractories Co.*, 426 Pa. 211, 231 A.2d 173 (1967).

The facts underlying this case as gleaned from the pleadings may be stated as follows. On May 18, 1973, plaintiff was arrested by the Philadelphia police on a charge of violation of the Pennsylvania Uniform Firearms Act, 18 Pa. C.S. §6101 et seq. He was subsequently found to be not guilty in State court. Thereafter, plaintiff was indicted by a Federal grand jury on charges arising out of the same incident for violation of 18 U.S.C. App. 1202(a)(1), and on May 20, 1974, plaintiff was found guilty of the charge of possessing a firearm. However, a motion in arrest of judgment was granted because the government failed to establish a sufficient nexus between interstate commerce and the possession of a weapon necessary to prove a violation of the statute. *United States of America v. Dawson*, — F.Supp. — (E.D. Pa. No. 74-132, filed May 20, 1974). In his order granting Dawson's motion in arrest of judgment, Judge FULLAM states: ". . .

[H]aving found the defendant *guilty* as charged . . . it is ORDERED that the Motion is GRANTED for the reason that *the facts proven at trial constitute an offense* not cognizable under the jurisdiction of this Court." (Emphasis added.)

Following plaintiff's arrest on the Federal charge, a parole violation warrant was issued by the Board charging plaintiff with a violation of Condition No. 6 of his parole, possession of a firearm. On the basis of Judge FULLAM's opinion and order, the Board, following a hearing on May 23, 1974, ordered plaintiff recommitted to State prison as a technical parole violator on July 26, 1974.

It is this decision by the Board to recommit plaintiff that has prompted this litigation. For the reasons hereinafter stated, we grant defendant's motion for judgment on the pleadings.

Plaintiff alleges in his complaint that the Board, although exercising its discretion, did so in such an arbitrary manner as to negate an actual exercise of that discretion. This allegation is based upon the Board's decision to recommit on the basis of Judge FULLAM's decision, which, although finding plaintiff guilty as charged, discharged him on the basis of his motion in arrest of judgment.

The Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.17 (Supp. 1974-1975), provides that the Board shall have exclusive power to parole and reparole, commit and recommit, for violations of parole. Paragraph (b) of section 21.1 of the Act, 61 P.S. §331.21a(b), provides that the Board may recommit a parolee after hearing, who violates the terms and conditions of his parole, though he is not found guilty of a new crime.

In the instant case, the plaintiff was recommitted not for being convicted of a new crime while on parole but for violation of the terms of his parole, i.e., possession of a firearm. The Board based its decision on the specific

and unequivocal finding by Judge FULLAM that plaintiff did, in fact, possess a firearm. That plaintiff was released by Judge FULLAM because the Federal prosecutor was unable to establish a sufficient nexus with interstate commerce, does not in any way reduce the import of Judge FULLAM's finding that plaintiff was in possession of a firearm. It is the possession of the firearm in violation of the terms of his parole, not the ultimate conviction of a crime, that is the basis of the decision to recommit.

We cannot say that the Board abused its discretion in ordering plaintiff recommitted on the basis of Judge Fullam's finding.

Accordingly, we enter the following

ORDER

Now, March 6, 1975, upon consideration of defendant's motion for judgment on the pleadings, said motion is granted, and judgment is hereby entered in favor of the Board of Probation and Parole.