Rodney Phillips, Appellant *v.* Township of Neville, a Municipal Corporation; William A. Nickles, Jr.; Thomas Birko; George Toth; Chester Brown and Guido Batista, Appellees.

Argued October 31, 1975, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Theodore E. Breault,* with him *Egler and Reinstadtler,* for appellant.

*Bresci R. P. Leonard,* with him *Robb, Leonard & Edgecombe,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., February 10, 1976:

In this mandamus action, Rodney Phillips appeals from an order of the Court of Common Pleas of Allegheny County[1] which dismissed his exceptions.

Phillips was employed by the Township of Neville (Township) in 1965 as a "deskman." On August 20, 1971, a member of the Township Board of Commissioners (Commissioners) found Phillips asleep at his post and fired him, effective immediately. Three days later, at a special meeting convened to review the dismissal action, the Commissioners affirmed the action.

At the time of Phillips' dismissal, Township Ordinance No. 247 was in effect. Section 18 of that ordinance establishes a three-stage discipline system for certain enumerated offenses committed by Township employees. The enumerated offenses are:

a) habitually reporting late for work;

---

1. December 30, 1974, No. 3208, October Term, 1972, per SMITH, JR. and O'MALLEY, JJ.

b) absenteeism without cause;
c) not reporting "off-work" within an hour of starting time;
d) refusing to work where assigned by the supervisor in charge;
e) any other cause the Board of Commissioners deems unjustifiable.

The ordinance prescribes a three-stage discipline procedure whereby an individual is given a verbal warning the first time he commits one of the enumerated offenses, three days off without pay for the second, and immediate dismissal for the third commission of an offense.

Phillips brought an action in mandamus in September, 1972, seeking reinstatement and back pay alleging Township's failure to comply with Ordinance No. 247. Township filed preliminary objections alleging, *inter alia,* that: Phillips failed to allege that his discharge was for one of the five offenses outlined in Section 18 of the ordinance; that the complaint did not allege that a ministerial duty was involved; and that Phillips was guilty of laches. The court below[2] held that plaintiffs were not guilty of laches. It also held that since Township had adopted the ordinance, it was bound to comply thus making mandamus the proper form of action. All other preliminary objections were overruled. After an appeal to this Court was withdrawn by stipulation, Township filed an answer to the complaint wherein new matter was alleged. Phillips replied to the new matter and, on June 12, 1974, the court below granted judgment in favor of Township and against Phillips. Phillips filed exceptions to this judgment which were dismissed by the court below on December 30, 1974. This appeal followed.

The court below held that Phillips' failure to perform his duties removed the case beyond the scope of Section 18, stating that Section 18 of the ordinance only limits

---

2. Order dated July 31, 1973, per Louik, J.

Township's power to terminate its employees when the termination is for one of the enumerated offenses. The court below also held that the fifth enumerated offense, *i.e.*: "Any other case the Board of Commissioners deems unjustifiable" merely gives the Commissioners discretion to define and include other minor offenses within the scope of the procedures outlined in Section 18.

The sole issue for our determination is whether the three-step discipline procedure set forth in Section 18 of Ordinance No. 247 should have been applied in Phillips' case. We think not.

At the outset, we note that mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other adequate remedy. *Burlington Homes v. Department of Transportation,* 17 Pa. Commonwealth Ct. 329, 332 A.2d 575 (1975). Mandamus will only be granted when plaintiff's right to relief is clear and convincing and not where the defendant merely exercises discretion unless the action is so arbitrary as to be no actual exercise of discretion at all. *Commonwealth ex rel. Dawson v. Board of Probation and Parole,* 17 Pa. Commonwealth Ct. 550, 333 A.2d 796 (1975).

Section 18 of Ordinance No. 247 imposes upon Township a mandatory duty to follow the three-stage discipline procedure only for the offenses outlined in Section 18. We agree with the court below that the offense for which Phillips was discharged, *i.e.,* sleeping at his desk while on duty, is beyond the scope of Section 18. Therefore, Township had no *mandatory* duty to apply the three-stage discipline procedure in the instant case. Furthermore, the facts of record afford no basis for judicial review of discretionary acts by the Township Commissioners. Accordingly, we affirm.