## Leonard Zanca, Plaintiff *v.* State Attorney General, Defendant.

Submitted on briefs, October 17, 1975, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Leonard Zanca,* plaintiff, for himself.

*Norma P. D'Apolito,* Deputy Attorney General, with her *Lawrence Silver,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant.

PER CURIAM OPINION, February 11, 1976:

Leonard Zanca (Plaintiff) filed this Complaint in Trespass, in *propria persona,* alleging that subordinates of the Attorney General (Defendant) have wrongfully withheld his motor vehicle operator's license. Plaintiff seeks Two Hundred Thousand ($200,000) Dollars in damages and the incarceration of those individuals responsible for the loss of his operator's license.

Defendant argues in his preliminary objections that the doctrine of sovereign immunity clothes him with absolute immunity from liability money damages.

This Court has repeatedly held that high public officials have absolute immunity from civil tort liability when acting within the scope of their authority. We have no difficulty concluding that the Attorney General in this matter is a high public official and hence immune from a suit for money damages. *Koynok v. Commonwealth of Pennsylvania,* 12 Pa. Commonwealth Ct. 375, 316 A. 2d 118 (1974); *McCoy v. Liquor Control Board,* 9 Pa. Commonwealth Ct. 107, 305 A. 2d 746 (1973); *Dubree v. Commonwealth,* 8 Pa. Commonwealth Ct. 567, 303 A. 2d 530 (1973).

Further, Plaintiff orders Defendant to incarcerate those individuals responsible for the loss of his motor vehicle operator's privileges. After a thorough review of the record, we find this final prayer for relief sounding in Mandamus[1] to be without merit, and

AND NOW, this 11th day of February, 1976, the preliminary objections of the Defendant are sustained and the complaint dismissed.

---

1. In *Burlington Homes v. Kassab,* 17 Pa. Commonwealth Ct. 329, 332, 332 A. 2d 575, 576 (1975), we defined Mandamus to be an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other adequate and appropriate remedy.