# Treadway Disposal, Inc. v. Borough Council of Chalfont

*John Van Luvanee,* for plaintiff.
*John Hartzel,* for defendant.

BIEHN, *J.,* July 1, 1982—A trial without a jury was held on this mandamus action and, on May 6, 1982, a decision was rendered in favor of the defendant, Chalfont Borough Council, and against plaintiff, Treadway Disposal, Inc. Defendant has filed exceptions to the judgment. We hereby dismiss the exceptions and enter final judgment on the decision.

The facts are as follows. The Chalfont Borough Refuse Collection and Disposal Ordinance provides for the licensing of residential and non-residential trash collectors within the Borough of Chalfont. Plaintiff, Treadway Disposal, Inc., has been the only licensed residential trash collector in Chalfont Borough for the past several years. Chalfont Borough Council chose to advertise for bids prior to awarding a residential collection license for 1982. Three bids were submitted, including a bid from Treadway Disposal, Inc. The 1982 license was ultimately awarded to the lowest bidder, Bux Mont Refuse Company. Plaintiffs were then informed that they would not be receiving a license for 1982. Plaintiffs filed this mandamus action asking this court to compel the defendants to issue them a license.

There is no dispute that plaintiffs made proper application for a residential collector's license and that they met all license requirements. Similarly, it is not disputed that Bux Mont properly applied and met all

license requirements. The issue is whether or not Chalfont Borough has a discretionary right to issue only one residential trash collection license.

Mandamus is an extraordinary writ with a very narrow use. Burlington Homes v. Department of Transportation, 17 Pa. Commw. 329, 332 A.2d 575 (1975). The remedy of mandamus is available only "to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy." Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners, 440 Pa. 299, 303, 269 A.2d 871, 873 (1970). Mandamus will only lie when plaintiff's right to relief is clear and convincing and not where defendant is merely exercising its discretion, unless the action is so arbitrary as to actually not be the exercise of discretion at all. Phillips v. Neville Township, 23 Pa. Commw. 274, 351 A.2d 314 (1976), Commw. ex rel. Dawson v. Board of Probation and Parole, 17 Pa. Commw. 550, 333 A.2d 796 (1975). The complainant must show an immediate and complete legal right to the relief demanded. Where there is any doubt as to the existence of such a right, mandamus is not available. Board of Supervisors of North Country Township v. Silver Fox Corporation, 10 Pa. Commw. 646, 312 A.2d 833 (1973).

An examination of the Borough Ordinance makes it apparent that plaintiff's "right" to a license is anything but clear and free from doubt. The Ordinance does not deal with the question of the number of licenses directly. The sections of the Ordinance which deal with trash collectors and licenses are as follows:

All refuse accumulated on any property in the Borough of Chalfont shall be collected, conveyed

and disposed of by *an* authorized *collector* — residential or authorized *collector* — non-residential. . . . Chalfont Borough Refuse Collection and Disposal Ordinance, Section 3B (Emphasis added).

Refuse collected in any residential dwelling in the Borough of Chalfont shall be collected by *an* authorized *collector* — residential. . . . Section 3C (Emphasis added).

All trade waste and other refuse accumulated on non-residential properties shall be collected, conveyed and disposed of by authorized *collectors* — non-residential . . . . Section 3D (Emphasis added).

The wording of this Ordinance can be used to argue either way on the issue of whether or not the Borough can limit the number of licenses. Plaintiffs maintain that the Ordinance refers to "an" authorized collector-residential, not "the" authorized collector, indicating that more than one license may be issued. Defendants contend that the use of the singular word "collector", when referring to residential licenses, coupled with the use of the plural "collectors" in reference to commercial licenses, indicates that only one residential license may be issued.

We need not resolve this dispute. The mere fact that two logical arguments can be made from the wording of the statute leads us to the conclusion that mandamus cannot be granted. This Ordinance confers no clear legal right on plaintiff, nor does it impose a clear corresponding duty on defendant.

Accordingly, we enter the following

## ORDER

And now, this July 1, 1982, upon consideration of the exceptions to the decision filed by the plaintiff, it is hereby ordered and directed that the exceptions are denied and dismissed and final judgment is hereby entered on the May 6, 1982 decision.