# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Nathan J. Cherry, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 623 C.D. 2018 |
| | : Submitted: September 14, 2018 |
| Pennsylvania Board of | : |
| Probation and Parole, | : |
| | : |
| Respondent | : |

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                       HONORABLE PATRICIA A. McCULLOUGH, Judge
                       HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                                    **FILED:  November 15, 2018**

Before this Court is the petition of Nathan J. Cherry (Cherry) for review of the determination of the Pennsylvania Board of Probation and Parole (Board) affirming its decision that recalculated Cherry's maximum sentence date to March 4, 2020.  For the following reasons, we vacate the Board's decision and remand this matter to the Board to consider whether Cherry should receive credit for time spent at liberty on parole based on reasons that are consistent with the record in this case, including the fact that Cherry was acquitted of the firearms charge on which the Board based its denial of credit.

In 2007, Cherry was convicted of aggravated assault with serious bodily injury, theft of movable property, and robbery of a motor vehicle and was sentenced

to 5-to-10 years' imprisonment followed by 5 years of consecutive probation. (Certified Record (C.R.) at 1-3, Reproduced Record (R.R.) at 6a-8a.) His original maximum date on the 5-to-10-year sentence was May 8, 2016. (*Id.*) On October 20, 2011, Cherry was released on parole. (C.R. at 12, R.R. at 17a.)

On August 15, 2015, Cherry was arrested on charges of driving under the influence of alcohol or a controlled substance (DUI), illegal possession of a firearm under 18 Pa. C.S. § 6105(a), carrying a firearm without a license, and misdemeanor and summary traffic offenses. (C.R. at 51-52, R.R. at 56a-57a.) In the criminal complaint charging Cherry with these offenses, the arresting officer stated that he was called to the scene of a vehicle collision with a fire hydrant, that Cherry admitted that he was the driver of the vehicle, and that Cherry smelled of alcohol and failed field sobriety tests. (C.R. at 30-31, R.R. at 35a-36a.) The officer further stated that in an inventory search of the vehicle after he arrested Cherry for DUI, he and his partner found a "Silver Amadeo Rossi & Co. 357 magnum revolver with 6 live rounds … between the driver seat and center console" and "additional ammunition … inside the glove box inside a gray sock." (C.R. at 31, R.R. at 36a.) The charge of illegal possession of a firearm was severed from the other charges and tried separately. (C.R. at 51, 54, R.R. at 56a, 59a; C.R. at 58-59, R.R. at 63a-64a.) On March 2, 2016, Cherry was acquitted of that charge. (C.R. at 49-50, R.R. at 54a-55a; C.R. at 59, R.R. at 64a.) On March 3, 2016, Cherry pleaded guilty to DUI and traffic offenses and was sentenced to 72 hours' imprisonment, and the charge of carrying a firearm without a license was *nolle prossed*. (C.R. at 54, R.R. at 59a; C.R. at 47-48, R.R. at 52a-53a.)

Cherry waived a parole revocation hearing and admitted his guilty pleas. (C.R. at 46, R.R. at 51a.) Based on that admission, the Board ordered Cherry

2

recommitted to a state correctional institution as a convicted parole violator to serve 6 months backtime[1] with no credit for time at liberty on parole. (C.R. at 38-45, R.R. at 43a-50a; C.R. at 77-78, R.R. at 82a-83a.) The Board's hearing report on the revocation noted that Cherry's prior offense was aggravated assault with serious injury and stated that denial of credit for time at liberty on parole was recommended because a firearm was found in his vehicle. (C.R. at 45, R.R. at 50a) ("IO. Agg Ass w/ Ser Inj. A F.A. 357 Mag. was found in I/M's vehicle - this charge was (severed) - Orig max is 5/6/16. Due to a F.A. being in I/M's Vehicle Recommend <u>NO</u> time credit"). The hearing report stated that the evidence on which the Board relied consisted only of a copy of the court record from the DUI docket and Cherry's admission that he was convicted of DUI and traffic offenses and indicated that its revocation decision was based solely on Cherry's conviction. (C.R. at 39-41, R.R. at 44a-46a.) Nothing in the Board report indicates that it was aware that Cherry had been acquitted of the firearms charge. The court records from the DUI docket and sentencing order refer to the illegal possession of firearms charge only as "severed" and do not note the acquittal. (C.R. at 54, R.R. at 59a; C.R. at 47-48, R.R. at 52a-53a.)

The Board, by decision mailed June 28, 2016, notified Cherry of its revocation based on his DUI conviction and that his new maximum sentence date was March 4, 2020. (C.R. at 77-78, R.R. at 82a-83a.) Cherry timely challenged the Board's decision by submission of an Administrative Remedies Form on July 13, 2016 asserting that the Board should award him credit for time at liberty on parole under 61 Pa. C.S. § 6138(a)(2.1). (C.R. at 107-09, R.R. at 112a-114a.) The Board,

---

[1] "'Backtime' is the portion of a judicially imposed sentence that a parole violator must serve as a consequence of violating parole before he is eligible for re-parole." *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160, 162 n.1 (Pa. Cmwlth. 2016).

3

by decision mailed August 12, 2016, noted with reference to its June 2016 revocation decision that Cherry was also convicted of two related misdemeanor traffic offenses, but made no change to the June 2016 decision and maximum sentence date of March 4, 2020. (C.R. at 82-83, R.R. at 87a-88a.) Cherry again timely submitted an Administrative Remedies Form asserting that he should receive credit for time at liberty on parole under 61 Pa. C.S. § 6138(a)(2.1). (C.R. at 111-13, R.R. at 116a-118a.)

The Board did not take any action on Cherry's administrative appeals until February 2018, even though Cherry sent a letter to the Board in October 2017 inquiring as to the status of his appeal. (C.R. at 115, R.R. at 120a; C.R. at 119, R.R. at 124a.) On September 26, 2017, while his administrative appeals were pending, the Board re-paroled Cherry. (C.R. at 96, R.R. at 101a.) On March 14, 2018, the Board mailed a notice of decision addressing its denial of credit to Cherry for time at liberty on parole stating:

> THE BOARD IN ITS' [*sic*] DISCRETION DID NOT AWARD CREDIT TO YOU FOR THE TIME SPENT AT LIBERTY ON PAROLE FOR THE FOLLOWING REASONS:
> -NEW CONVICTION SAME/SIMILAR TO THE ORIGINAL OFFENSE.
> -CONVICTION INVOLVED POSSESSION OF A WEAPON.
> -PUBLIC SAFETY RISK.

(C.R. at 120-21, R.R. at 125a-126a.) In its February 13, 2018 memorandum on which this decision was based, the Board stated that Cherry's new "[c]onviction involved possession of a weapon" and that the public safety risk was based on the fact that his conviction was for DUI and at the time of his arrest, he was "in possession of" a firearm. (C.R. at 119, R.R. at 124a.) By determination mailed on March 20, 2018, the Board concluded that there was no error in its denial of credit

4

for time at liberty on parole and affirmed its August 12, 2016 decision. (C.R. at 125, R.R. at 130a.) Cherry timely appealed this determination to this Court.[2]

Cherry argues in this appeal that the Board's denial of credit for the time that he spent at liberty on parole must be reversed for three reasons: 1) that the Board failed to provide a contemporaneous reason for its denial of credit; 2) that the reasons for the denial of credit given by the Board in 2018 are contrary to the record; and 3) that the Board's delay in ruling on his appeal violated his due process rights.[3] The first of these arguments is factually inaccurate and the third argument is not a ground for reversal of a Board determination that has already been issued. We conclude, however, that Cherry's second contention has merit.[4]

Under the Prisons and Parole Code (Parole Code), a recommitted convicted parole violator must generally serve the remainder of his sentence that he

---

[2] Neither the Board's March 14, 2018 notice nor its March 20, 2018 decision were mailed to Cherry's correct address, and the Board on April 2, 2018 re-sent them to his correct address and advised Cherry that he could treat April 2, 2018 as the date from which his appeal deadline would run. (C.R. at 124, 127, R.R. at 129a, 132a.) Cherry's May 2, 2018 petition for review is therefore timely.

[3] This Court may reverse the Board's determination only where necessary findings are not supported by substantial evidence, an error of law was committed, or constitutional rights or administrative procedures were violated. *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 764 (Pa. 2017). Cherry does not claim that there is any miscalculation or error in his maximum date other than the denial of credit for time at liberty on parole and does not contend that the Board failed to give him credit for periods when he was held on the Board's detainer before his guilty plea and sentencing.

[4] To the extent that the Board argues that Cherry was required to file a new administrative appeal in 2018 to challenge the Board's reasons for its denial of credit or that he waived this issue (Respondent's Br. at 10-11), those arguments are without merit. Cherry timely raised the issue of whether he should be given credit for time at liberty on parole under 61 Pa. C.S. § 6138(a)(2.1) in his July 2016 and August 2016 administrative appeals. (C.R. at 107-09, R.R. at 112a-114a; C.R. at 111-13, R.R. at 116a-118a.) That is sufficient to encompass challenges to the Board's reasons for the denial of credit and preserve his right to appeal to this Court. *Anderson v. Talaber*, 171 A.3d 355, 360-61 (Pa. Cmwlth. 2017). To hold that a new administrative appeal is required after the Board belatedly states reasons for the denial of credit would cause unnecessary delay in the appeal process and require the filing of duplicative appeals.

had not yet served at the time of his parole without credit for the time he has been on parole. 61 Pa. C.S. § 6138(a)(1), (2). Time spent at liberty on parole does not constitute service of a sentence of incarceration. *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 846 (Pa. 1979) ("Mere lapse of time without imprisonment . . . does not constitute service of sentence") (quoting *Anderson v. Corall*, 263 U.S. 193 (1923)). Subsection 6138(a)(2.1) of the Parole Code, however, provides that where the criminal conviction for which parole is revoked is a not a crime of violence as defined in 42 Pa. C.S. § 9714(g) or a crime requiring registration as a sexual offender and no parole to federal authorities for deportation is involved, the Board in its discretion may award credit against the original sentence for time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(2.1); *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017). Cherry's DUI and traffic offenses are not crimes of violence as defined in 42 Pa. C.S. § 9714(g) or sexual offenses, and Subsection 6138(a)(2.1) therefore applies to the Board's actions in this case.

Where Subsection 6138(a)(2.1) applies, the Board must consider whether to award credit and provide a contemporaneous statement articulating its reason for denying credit for time spent at liberty on parole. *Pittman*, 159 A.3d at 474-75. Although the Board has broad discretion to grant or deny such credit, its decision is subject to appellate review and must be reversed or vacated as an abuse of discretion where the Board has based its denial of credit on an erroneous premise. *Id.* at 474-75 & n.12. In *Pittman*, our Supreme Court explained:

> Article V, Section 9 of the Pennsylvania Constitution grants all persons the right to appeal from an administrative agency to a court of record. Pa. Const. Art. 5, § 9 ("... there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection

6

of such court to be as provided by law[.]"). This is consistent with inherent notions of due process. To the extent Appellant has a right to appeal, an appellate court hearing the matter must have method to assess the Board's exercise of discretion.

*Id.* at 474. The Court rejected the position that "any decision by the Board must be affirmed, even if the Board acts arbitrarily or … misinterprets and misapplies the law," holding that

> this comports neither with the Pennsylvania Constitution's grant of review by a court of record, nor with basic notions of due process. … [T]he General Assembly did not intend to allow the Board's decisions pursuant to Subsection 6138(a)(2.1) to evade all appellate review and to insulate the Board's decisions from reversal when it enacted Subsection 6138(a)(2.1).

*Id.*

Contrary to Cherry's assertions, the Board did contemporaneously set forth a reason for denying him credit for time spent at liberty on parole. In its revocation hearing report denying Cherry credit for time spent at liberty on parole, the Board stated that credit should be denied because a firearm was found in his vehicle. (C.R. at 45, R.R. at 50a.) That is a sufficient articulation of a reason for denying credit. *Pittman*, 159 A.3d at 475 n.12 ("the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances"); *Hughes v. Pennsylvania Board of Probation and Parole*, 179 A.3d 117, 121 n.5 (Pa. Cmwlth. 2018) (notation "[r]evoke street time - continued drug activity" on hearing report is sufficient articulation of reason for denying credit); *Mitzel v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 101 C.D. 2018, filed October 2, 2018), slip op. at 3-4 (notation "Recommend not awarding credit for street time spent at liberty on parole. New conviction identical to his instant offenses which includes possession of a firearm." on hearing report is sufficient

7

articulation of reason for denying credit); *Oliver v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 1335 C.D. 2017, filed May 24, 2018), slip op. at 9-10 (notation on hearing report "Recommend NOT awarding credit for street time at liberty on parole. Subject's supervision has been extremely poor. Offender is a risk to the community due to erratic behaviors displayed when under the influence of controlled substances/alcohol" is sufficient articulation of reason for denying credit).[5]  Moreover, the Board also provided a statement of its reasons for denying credit in its March 14, 2018 letter.  Where the Board provides a statement of its reasons for the denial of credit during the pendency of the inmate's administrative appeal, the failure to give a contemporaneous reason is not a ground for reversing or vacating the denial of credit for time at liberty on parole.  *Smoak v. Talaber*, 193 A.3d 1160, 1164-65 (Pa. Cmwlth. 2018).

The Board's March 14, 2018 statement of its reasons, however, shows that it based the denial of credit on a disregard of the facts that were before it concerning Cherry's convictions.  The Board stated that it denied credit because Cherry's new conviction involved possession of a weapon and was the same or similar to his original offense.  (C.R. at 120, R.R. at 125a.)  Neither of these reasons has any support in the record.  The conclusion that Cherry's new conviction involved possession of a weapon is plainly inaccurate, as the record shows that his convictions were for DUI and other traffic offenses, not charges involving a weapon, that Cherry had been acquitted of the charge of illegal firearms possession, and that the only other charge involving a weapon had been *nolle prossed*.  (C.R. at 47-48, R.R. at

---

[5] *Mitzel*, *Oliver*, and *Cooper v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 48 C.D. 2018, filed August 7, 2018), discussed below, are unreported decisions.  These decisions are therefore not binding precedent but are considered by the Court for their persuasive value.  210 Pa. Code § 69.414(a).

8

52a-53a; C.R. at 54, R.R. at 59a; C.R. at 49-50, R.R. at 54a-55a; C.R. at 59, R.R. at 64a.) The convictions for DUI and traffic offenses are on their face significantly different offenses than his original aggravated assault with serious bodily injury, theft and robbery convictions, and there is nothing in the record showing that DUI or reckless driving was the basis of the original assault conviction. Although a mere error of judgment does not constitute an abuse of discretion, abuse of discretion is shown where the determination is unsupported by any evidence in the record and completely disregards undisputed facts in the record. *Hudson v. Department of Public Welfare*, 508 A.2d 383, 387 (Pa. Cmwlth. 1986) (agency abused its discretion where its rulings were inconsistent and without factual support in the record); *Lily Penn Food Stores, Inc. v. Pennsylvania Milk Marketing Board*, 472 A.2d 715, 719 (Pa. Cmwlth. 1984) (abuse of discretion is shown where agency "based its conclusion upon wholly arbitrary grounds, in capricious disregard of competent evidence," and decision was vacated for abuse of discretion because agency disregarded "the only material … evidence" on the issue before it); *Kriebel v. Kriebel*, 766 A.2d 854, 857 (Pa. Super. 2000) (abuse of discretion is shown where "there is an error in judgment, a misapplication of the law or when there is insufficient evidence of record"), *aff'd*, 812 A.2d 579 (Pa. 2002). The Board's denial of credit based on these reasons is therefore a reversible abuse of discretion.

The Board does not contend that either of these reasons was a valid exercise of discretion, but argues that its determination should be affirmed based on the third reason for its denial of credit, that Cherry is a public safety risk. This reason was not based on a misstatement of Cherry's convictions, but was based on the conclusion that Cherry was "in possession" of a firearm at the time of his DUI arrest. (C.R. at 119, R.R. at 124a.) Cherry argues that the Board's decision cannot be

9

sustained on this ground because under *Boswell v. Pennsylvania Board of Probation and Parole*, 512 A.2d 66 (Pa. Cmwlth. 1986), his acquittal of the firearms charge barred the Board from finding that he was in possession of a firearm.

The mere fact that a parolee was acquitted of a criminal charge does not bar the Board from basing parole revocation decisions on the same conduct that was at issue in the criminal trial. *Cromartie v. Pennsylvania Board of Probation and Parole*, 680 A.2d 1191, 1197 (Pa. Cmwlth. 1996); *Wallace v. Pennsylvania Board of Probation and Parole*, 548 A.2d 1291, 1294 (Pa. Cmwlth. 1988); *Nickens v. Pennsylvania Board of Probation and Parole*, 502 A.2d 277, 279-80 (Pa. Cmwlth. 1985); *Hawkins v. Pennsylvania Board of Probation and Parole*, 490 A.2d 942, 947-48 (Pa. Cmwlth.1985). Collateral estoppel, however, can apply to parole revocation proceedings where the elements of the criminal charge in dispute were identical to the issue in the parole proceedings and an acquittal of a criminal charge can bar the Board from basing a determination on facts that the acquittal necessarily rejected. *Boswell*, 512 A.2d at 68-70. Where the only issue in the criminal trial was the same as the matter that the Board considered and the parolee was acquitted, "[t]his ineluctably leads to the conclusion that the Board has re-decided 'an issue of ultimate fact that has previously been litigated and [decided] adversely to the Commonwealth' [and] the Board must be collaterally estopped." *Id.* at 69 (quoting *Commonwealth v. Brown*, 469 A.2d 1371 (Pa. 1983)) (citation omitted).

The elements of the illegal firearms possession charge of which Cherry was acquitted are (1) that he had been convicted of an offense listed in subsection (b) of 18 Pa. C.S. § 6105 or fell into one of the categories of subsection (c) of that statute; and (2) that he possessed or otherwise controlled a firearm. 18 Pa. C.S. § 6105(a)(1); *Commonwealth v. Alvarez–Herrera*, 35 A.3d 1216, 1218 (Pa. Super.

10

2011); *see also Commonwealth v. Gillespie*, 821 A.2d 1221, 1223-25, 1228, 1229 (Pa. 2003); *Commonwealth v. Antidormi*, 84 A.3d 736, 757 & n.18 (Pa. Super. 2014).[6] The first of these elements could not have been a basis for the acquittal, as Cherry's prior conviction of aggravated assault with serious injury is a conviction for one of the enumerated offenses. 18 Pa. C.S. § 6105(b) (listing "Section 2702 (relating to aggravated assault)" as one of the offenses on which a Section 6105(a) firearms possession conviction may be based). The only basis for the acquittal would therefore have been the rejection of the claim that Cherry was "in possession" of a firearm as that term is used in the Crimes Code.[7]

Because the Board predicated its determination on the understanding that Cherry was in possession of a firearm at the time of his arrest and nothing in its decision suggests that it used the word "possession" as meaning anything different than its meaning under the Crimes Code, it abused its discretion and its decision cannot be affirmed.[8] This does not, however, mean that the Board is required to grant Cherry credit for time at liberty on parole. The Board also referred in its reasons for denying credit to the fact that Cherry was convicted of DUI (C.R. at 119, R.R. at 124a) and stated in its hearing report that credit should be denied because a

---

[6] The only other element that the Board contends must be proven to convict a defendant of this offense is that "the weapon's barrel was of sufficient length to be considered a 'weapon' under the statute." (Respondent's Br. at 8-9.) Contrary to the Board's contention, barrel length is not an essential element of a firearms possession charge under 18 Pa. C.S. § 6105(a). *Gillespie*, 821 A.2d at 1224-25, 1228, 1229. Indeed, our Supreme Court specifically held in *Gillespie* that the case on which the Board relies for this argument, *Commonwealth v. Todd*, 384 A.2d 1215 (Pa. Super. 1978), is no longer good law as a result of a 1995 amendment of Section 6105. *Gillespie*, 821 A.2d at 1224-25, 1228, 1229.

[7] 18 Pa. C.S. §§ 101-9546.

[8] We do not hold that the Board is prohibited from defining "possession" for parole revocation purposes differently and more broadly than its meaning under the Crimes Code if it makes that distinction clear. It has not done so here, however, and its references to a conviction involving possession of a weapon suggest that it was not making any distinction from the criminal law.

firearm was found in the vehicle that he was driving. (C.R. at 45, R.R. at 50a.) Neither of these statements is contrary to the record. Although Cherry's acquittal necessarily rejected the claim that he was in possession of a firearm under the Crimes Code, it does not preclude a finding that a firearm was in the car that he was driving. Proof of possession of a firearm under the Crimes Code requires more than the mere conclusion that a firearm was in a vehicle or house occupied by the defendant and that the firearm was accessible to the defendant. *Shaner v. Harriman*, 189 A.3d 1088, 1091-92 (Pa. Super. 2018) (proof of possession requires showing that the item was on defendant's person or that defendant had constructive possession because he had both the power to control it and the intent to exercise that control); *Commonwealth v. McClellan*, 178 A.3d 874, 878 (Pa. Super. 2018) (same). Whether to grant credit for time at liberty on parole is a decision for the Board, and its discretion in making that decision is broad. *Pittman*, 159 A.3d at 474, 475 n.12. It is therefore for the Board, not this Court, to determine whether a firearm was in Cherry's vehicle and whether credit for time at liberty on parole should be denied based on the presence of a firearm in a parolee's vehicle, a DUI conviction, or those two facts in combination. Accordingly, we must remand this matter to the Board to consider and determine whether credit should be granted or denied based on facts supported by the record, including Cherry's acquittal of the charge of possession of a firearm.

In his final argument, Cherry contends that the Board's delay in acting on his administrative appeal violated his due process rights. Cherry is correct that the Board did not issue its decision for over a year and a half after he filed his administrative appeals and that this delay was inexcusable and prejudicial. Delay in issuing a decision on a parole appeal does not violate an inmate's due process rights

12

if it does not harm the inmate's ability to obtain the full relief that he seeks. *Smoak*, 193 A.3d at 1165-66; *Slotcavage v. Pennsylvania Board of Probation and Parole*, 745 A.2d 89, 91-92 (Pa. Cmwlth. 2000). Thus, this Court has rejected claims that Board delay violated inmates' rights where the Board decision was issued well before the earliest date that inmate's sentence would have expired if he prevailed in his appeal. *Smoak*, 193 A.3d at 1162-63, 1165-66 (approximately 18-month delay in Board decision on administrative appeal did not prejudice inmate where Board issued decision over 8 months before original maximum sentence date); *Slotcavage*, 745 A.2d at 91-92 (6-month delay in Board decision did not prejudice inmate where Board issued decision years before expiration of other sentence that inmate was serving); *Cooper v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 48 C.D. 2018, filed August 7, 2018), slip op. at 7-8 (15-month delay in Board decision on administrative appeal did not prejudice inmate where Board issued decision over a year and a half before the date that he contended was his maximum sentence date). Here, in contrast, Cherry's maximum sentence date would have expired on May 8, 2016 if he prevailed on his challenge to the denial of credit for time at liberty on parole and the Board's failure to act until 2018 denied him appellate review with respect to more than 19 months of the relief that he sought.

The remedy, however, for the Board's failure to timely act on an appeal is a petition for mandamus in this Court's original jurisdiction to require the Board to issue its decision, not reversal of a decision after it has been issued. *Smoak*, 193 A.3d at 1166 & n.7; *Slotcavage*, 745 A.2d at 91 n.3; *Sanders v. Pennsylvania Board of Probation and Parole*, 651 A.2d 663, 667 (Pa. Cmwlth. 1994). We therefore cannot reverse the denial of credit as a sanction for the Board's delay and do not base our vacating of the Board's determination on its delay in addressing Cherry's

administrative appeals. The only relief that we may grant for the Board's delay here is require that it act promptly in issuing its decision following our remand.

For the foregoing reasons, we vacate the Board's March 20, 2018 determination and remand this matter to the Board to consider whether Cherry should receive credit for time spent at liberty on parole based on the record, including his acquittal of the firearms possession charge that was filed against him in 2015. Given the Board's history in this case of failure to timely act, it is appropriate to impose a deadline on the Board for it to exercise its discretion on remand. Accordingly, we order that the Board issue its decision in this matter within 30 days.

_____
**JAMES GARDNER COLINS, Senior Judge**

14

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nathan J. Cherry,                          :
                                           :
                    Petitioner             :
                                           :
          v.                               :  No. 623 C.D. 2018
                                           :
Pennsylvania Board of                      :
Probation and Parole,                      :
                                           :
                    Respondent             :

# O R D E R

AND NOW, this 15th day of November, 2018, the March 20, 2018 determination of the Pennsylvania Board of Probation and Parole (Board) is hereby VACATED. This case is REMANDED to the Board to consider whether to grant or deny Petitioner credit for time spent at liberty on parole based on the record, in accordance with the foregoing opinion. It is further ORDERED that the Board shall issue its decision to grant or deny credit for time spent at liberty on parole within thirty (30) days.

Jurisdiction relinquished.

 

 

**JAMES GARDNER COLINS, Senior Judge**